IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02048-REB-KLM

(Consolidated with Civil Action No. 08-cv-02055-CMA-CBS, 08-cv-02078-MSK-BNB, 08-cv-02267-MSK-CBS, 08-cv-02420-PAB, 08-cv-02603-MSK-BNB)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION

**DEFENDANTS' MOTION SEEKING JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Defendants The Spectranetics Corporation ("Spectranetics"), Guy A. Childs, Emile Geisenheimer, Jonathan W. McGuire, John G. Schulte, and Craig M. Walker, M.D. (collectively, "Defendants") respectfully request that the Court take judicial notice of the following documents, in support of their Motion to Dismiss the Lead Plaintiff's Consolidated Class Action Complaint and Memorandum in Support Thereof (the "Motion to Dismiss"), filed concurrently herewith. These documents are attached as exhibits to the Declaration of Richard H. Zelichov (the "Zelichov Decl."), filed concurrently herewith.

The Court should consider these documents in connection with its resolution of the Motion to Dismiss for the reasons set forth below.

**EVIDENCE AND AUTHORITY RELIED UPON**

**I.    STANDARDS GOVERNING JUDICIAL NOTICE**

In ruling on motions to dismiss in securities cases, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling

on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights Ltd., 551 U.S. 308, 322 (2007). Rule 201 of the Federal Rules of Evidence authorizes judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is mandatory "if requested by a party and [the court is] supplied with the necessary information." Fed. R. Evid. 201(d).

## II.  DOCUMENTS INCORPORATED BY REFERENCE OR OTHERWISE REFERRED TO IN THE CONSOLIDATED CLASS ACTION COMPLAINT

It is well settled that "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits ... and documents incorporated by reference." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing, inter alia, Tellabs, 551 U.S. at 322; TMJ Implants, Inc. v. Aetna, Inc., 498 F.3d 1175, 1180 (10th Cir. 2007)). In addition, courts may consider documents that are referred to in the complaint if these documents are central to the plaintiff's claim and the parties do not dispute their authenticity. See Smith, 561 F.3d at 1098; Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249, 1253-54 (10th Cir. 2005); see also GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997) (noting that "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied"). Courts may consider the full text of such documents in deciding a motion to dismiss, even if the complaint quotes the documents only in part. See, e.g., In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (district court

properly considered full text of prospectus, including portions not mentioned in the complaints, in deciding motion to dismiss); Patel v. Parnes, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of full transcripts of conference calls quoted in complaint).

Plaintiff has cited, quoted, discussed, relied upon, referenced, incorporated by reference, or otherwise referred to each of the documents identified below in the Paragraphs of the Consolidated Class Action Complaint ("CAC") noted after each document. Thus, the Court may properly consider the full text of all of these documents in connection with Defendants' Motion to Dismiss:

Spectranetics SEC Filings

- Spectranetics Form 10-K for the fiscal year ended December 31, 2006, filed with the U.S. Securities Exchange Commission ("SEC") on March 16, 2007 (Zelichov Decl., Ex. 1), referenced at CAC ¶¶ Preamble, 91-93, 102.

- Spectranetics Form 10-K for the fiscal year ended December 31, 2007, filed with the SEC on March 17, 2008 (Zelichov Decl., Ex. 2), referenced at CAC ¶¶ Preamble, 157-159, 166, 167, 177.

- Spectranetics Form 10-Q for the quarter ended September 30, 2008, filed with the SEC on November 10, 2008 (Zelichov Decl., Ex. 3), referenced at CAC ¶¶ Preamble, 90.

- Spectranetics Form 10-K for the fiscal year ended December 31, 2008, filed with the SEC on March 16, 2009 (Zelichov Decl., Ex. 4), referenced at CAC ¶ Preamble.

- Form 4 for Defendant Childs, filed with the SEC on May 2, 2007 (Zelichov Decl., Ex. 5), referenced at CAC ¶ Preamble.

- Form 4 for Defendant Childs, filed with the SEC on February 27, 2008 (Zelichov Decl., Ex. 6), referenced at CAC ¶ Preamble.

- Form 4 for Defendant Geisenheimer, filed with the SEC on February 26, 2008 (Zelichov Decl., Ex. 7), referenced at CAC ¶ Preamble.

3

- Form 4 for Defendant Schulte, filed with the SEC on February 25, 2008 (Zelichov Decl., Ex. 8), referenced at CAC ¶ Preamble.

- Form 4 for Defendant Schulte, filed with the SEC August 29, 2008 (Zelichov Decl., Ex. 9), referenced at CAC ¶ Preamble.

- Form 4 for Defendant Walker, filed with the SEC February 25, 2008 (Zelichov Decl., Ex. 10), referenced at CAC ¶ Preamble.

Spectranetics Press Releases

- *Spectranetics Reports First Quarter Revenue of $17.4 Million as Atherectomy Product Sales Increase 52%*, dated April 19, 2007 (Zelichov Decl., Ex. 12), referenced at CAC ¶¶ Preamble, 104, 105.

- *Spectranetics Reports Second Quarter Revenue of $20.4 Million as Atherectomy Product Sales Increase 43%*, dated July 25, 2007 (Zelichov Decl., Ex. 13), referenced at CAC ¶¶ Preamble, 127, 128.

- *Spectranetics Reports Third Quarter Revenue of $21.2 Million as Atherectomy Product Sales Increase 42%*, dated October 31, 2007 (Zelichov Decl., Ex. 14), referenced at CAC ¶¶ Preamble, 138, 139.

- *Spectranetics Fourth Quarter Revenue up 35% to $23.9 Million, Features Strong Lead Management and Atherectomy Product Sales*, dated February 20, 2008 (Zelichov Decl., Ex. 15), referenced at CAC ¶¶ Preamble, 152, 153.

- *Spectranetics First Quarter Revenue up 37% to $23.8 Million, Driven by Strong Vascular Intervention and Lead Management Performance*, dated April 23, 2008 (Zelichov Decl., Ex. 16), referenced at CAC ¶¶ Preamble, 179, 180.

- *Spectranetics Provides Update on VIVA II: SALVAGE Trial*, dated September 15, 2008 (Zelichov Decl., Ex. 17), referenced at CAC ¶¶ Preamble, 208.

- *Spectranetics Makes Pre-IDE Submission to FDA for the Treatment of In-Stent Restenosis in the Legs*, dated May 5, 2009 (Zelichov Decl., Ex. 18), referenced at CAC ¶ Preamble.

Spectranetics Conference Call Transcripts

- Q4 2005 Spectranetics Earnings Conference Call Transcript, February 22, 2006 (Zelichov Decl., Ex. 19), referenced at CAC ¶ Preamble.

- Q1 2007 Spectranetics Earnings Conference Call Transcript, April 19, 2007 (Zelichov Decl., Ex. 20), referenced at CAC ¶ Preamble, 111.

- Q3 2007 Spectranetics Earnings Conference Call Transcript, October 31, 2007 (Zelichov Decl., Ex. 21), referenced at CAC ¶¶ Preamble, 141.

- Q4 2007 Spectranetics Earnings Conference Call Transcript, February 20, 2008 (Zelichov Decl., Ex. 22), referenced at CAC ¶¶ Preamble, 155.

- Q2 2008 Spectranetics Earnings Conference Call Transcript, July 29, 2008 (Zelichov Decl., Ex. 23), referenced at CAC ¶¶ Preamble, 191.

Analyst Reports

- Canaccord Adams, *Spectranetics*, dated September 5, 2008 (Zelichov Decl., Ex. 24), referenced at CAC ¶¶ Preamble, 205.

### III. DOCUMENTS CONSTITUTING SPECTRANETICS PUBLIC FILINGS AND OTHER MATTERS OF PUBLIC RECORD

The Court also may take judicial notice of documents which constitute Spectranetics' public filings with the SEC or other matters of public record "capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); see also Pompa v. Am. Family Mutual Ins. Co., 520 F.3d 1139, 1149 (10th Cir. 2008) ("[w]hen considering a motion to dismiss a complaint for failure to state a claim, Colorado courts may consider matters of which they can take judicial notice even if not mentioned in the complaint"); Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503-04 (10th Cir. 1997) (federal courts may "take judicial notice of adjudicative facts at any stage of the proceedings"). Specifically:

In regard to Spectranetics' SEC filings, it is well established that the Court may properly take judicial notice of public disclosure documents which have actually been filed with the SEC. See Thomas v. Met. Life Ins. Co., No. CIV-07-0121-F, 2008 WL 4619822, at *5 (W.D. Okla. Oct. 16, 2008) (taking judicial notice of SEC filings not referenced in the complaint) (citing Stac Electronic, 89 F.3d at 1405 n. 4 (district court's

5

consideration of prospectus text, including portions not mentioned in the complaints, was appropriate at the motion to dismiss stage and did not convert the motion to one for summary judgment)); see also Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'") (quoting Fed. R. Evid. 201(b)(2)); Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1018 (5th Cir. 1996) ("[w]hen deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC"); In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 752, 758-59 (N.D. Cal. 1997) (court could properly take judicial notice of SEC forms on motion to dismiss). Therefore it also is appropriate for the Court specifically to take judicial notice of stock sales contained in securities filings with the SEC. See In re Nuvelo, Inc., Sec. Litig., No. C 07-4056 VRW, 2008 WL 5114325, at *3 (N.D. Cal. Dec. 4, 2008).

The Court may also properly take judicial notice of Spectranetics conference calls and press releases because these documents were "publicly available and ... disclosed to the market." In re Copper Mountain Sec. Litig., 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of press releases as "information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements"); see also New Mexico v. Bureau of Land Mgmt., 565 F.3d 683, 719

n.48 (10th Cir. 2009) (taking judicial notice of press release).

In addition, the Court may properly take judicial notice of factual information available on public websites, including the Spectranetics website and federal government websites. See New Mexico, 565 F.3d at 702 n.22 (taking judicial notice of factual information found on the websites of two federal agencies); O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007) (noting that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web" and concluding that district court abused its discretion by failing to take judicial notice of information on the internet); see also Pollstar v. Gigmania Ltd., 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) (taking judicial notice of print out of website).

The Court also may properly take judicial notice of the U.S. Food and Drug Administration ("FDA") guidance documents and regulatory protocol, including, but not limited to, documents that are available on FDA and other federal government websites. See, e.g., Baldauf v. Garoutte, No. 03-cv-01104-REB-CBS, 2007 WL 2697445, at *5 (D. Colo. Sept. 11, 2007) (Blackburn, J.) (noting that this Court may take judicial notice of an agency's administrative process) (citing, inter alia, Ray v. Aztec Well Service Co., 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations)); Noble Asset Mgmt. v. Allos Therapeutics, Inc., No. CIVA-04CV-1030-RPM, 2005 WL 4161977, at *2 (D. Colo. Oct. 20, 2005) (denying plaintiff's motion to strike appendices containing public FDA documents downloaded from the internet which described FDA policies and procedures); Construction Laborers Pension Trust v. Neurocrine Biosciences, Inc., No. 07-CV-1111-IEG-RBB, 2008 WL 4370010, at *5 (S.D.

Cal. Sept. 23, 2008) (taking judicial notice of FDA guideline document as a document "publically available to a reasonable investor during the class period"); In re Wellbutrin SR/Zyban Antitrust Litig., 281 F. Supp. 2d 751, 754 n.2 (E.D. Pa. 2003) (taking judicial notice of FDA's *Center for Drug Evaluation and Research Listing of New & Generic Drug Approvals*).

Furthermore, the Court may properly take judicial notice of information regarding the stock price of Spectranetics, including information derived from internet sources. See, e.g., SEC v. C. Jones & Co., No. 03-cv-00636-WDM-KLM, 2009 WL 321696, at *1 (D.Colo. Feb. 10, 2009) (taking judicial notice of relevant quoted stock prices and volumes pursuant to Fed. R. Evid. 201) (citing Ganino v. Citizens Utilities, Co., 228 F.3d 154, 166 n.8 (2d Cir. 2000) (district court may take judicial notice of well-publicized stock prices on a motion to dismiss)); see also Copper Mountain, 311 F. Supp. 2d at 864 ("[i]nformation about the stock price of publicly traded companies [is] the proper subject of judicial notice"); Patel, 253 F.R.D. at 547-48 (taking judicial notice of company's historical stock prices); 1-201 Jack B. Weinstein, et. al., Weinstein's Federal Evidence, § 201.12 (2d ed. 2008) (certain types of banking, financial, business and industry data can be accurately quantified, and therefore may properly be the subject of judicial notice). Indeed, this Court has specifically noted that "[j]udicial notice of publicly traded stock is well recognized" and that "[t]his recognition includes internet publications." Id.

The Court also may properly take judicial notice of public records of proceedings such as the December 5, 2008 decision of the U.S. Department of Labor dismissing the

8

complaint of a former Spectranetics employee. See Johnson v. GSM Mgmt. Co., No. 5:04CV01684, 2006 WL 2813379, at *3 (N.D. Ohio Sept. 28, 2006) ("[i] is well settled ... that the Court may take judicial notice of administrative proceedings in resolving a motion under Rule 12(b)(6)"); Otis v. Madigan, 115 Fed. Appx. 315, 316 (7th Cir. 2004) (taking judicial notice of public records of administrative proceedings); New Mexico, 565 F.3d 683 at 702 n.22 (court may take judicial notice of federal agency documents) cf. Collins v. ACE Mortgage Funding, LLC, No. 08-cv-01709-REB-KLM, 2009 WL 1796067, at *3 n.1 (D. Colo. Jun. 23, 2009) (Blackburn, J.) (noting that this Court may take judicial notice of publicly filed records of other courts "concerning matters that bear directly upon the disposition of the case at hand").

In addition to the specific categories described above, the Court may take judicial notice of any materials that were "publicly available to reasonable investors at the time [Defendants] made the allegedly false statements." See Copper Mountain, 311 F. Supp. 2d at 864.

The documents identified below fall into the above categories and therefore can be considered by this Court in connection with Defendants' Motion to Dismiss. Some of these documents are also discussed above in Section II and, as such, can be considered by the Court both because they are incorporated by reference or otherwise referred to in the CAC, and because they are subject to judicial notice as matters of public record.

<u>Spectranetics SEC Filings</u>

- Spectranetics Form 10-K for the fiscal year ended December 31, 2006, filed with the SEC on March 16, 2007 (Zelichov Decl., Ex. 1).

9

- Spectranetics Form 10-K for the fiscal year ended December 31, 2007, filed with the SEC on March 17, 2008 (Zelichov Decl., Ex. 2).

- Spectranetics Form 10-Q for the quarter ended September 30, 2008, filed with the SEC on November 10, 2008 (Zelichov Decl., Ex 3).

- Spectranetics Form 10-K for the fiscal year ended December 31, 2008, filed with the SEC on March 16, 2009 (Zelichov Decl., Ex. 4).

- Form 4 for Defendant Childs, filed with the SEC on May 2, 2007 (Zelichov Decl., Ex. 5).

- Form 4 for Defendant Childs, filed with the SEC on February 27, 2008 (Zelichov Decl., Ex. 6).

- Form 4 for Defendant Geisenheimer, filed with the SEC on February 26, 2008 (Zelichov Decl., Ex. 7).

- Form 4 for Defendant Schulte, filed with the SEC on February 25, 2008 (Zelichov Decl., Ex. 8).

- Form 4 for Defendant Schulte, filed with the SEC on August 29, 2008 (Zelichov Decl., Ex. 9).

- Form 4 for Defendant Walker, filed with the SEC on February 25, 2008 (Zelichov Decl., Ex. 10).

Judicial/Agency Decisions

- Decision of the United States Department of Labor decision of the United States Department of Labor regarding the complaint filed by Scott Schlesinger against Spectranetics, Inc., No. 8-0740-08-017, dated December 5, 2008 (Zelichov Decl., Ex. 11).

Spectranetics Press Releases

- *Spectranetics Reports First Quarter Revenue of $17.4 Million as Atherectomy Product Sales Increase 52%*, dated April 19, 2007 (Zelichov Decl., Ex. 12).

- *Spectranetics Reports Second Quarter Revenue of $20.4 Million as Atherectomy Product Sales Increase 43%*, dated July 25, 2007 (Zelichov Decl., Ex. 13).

- *Spectranetics Reports Third Quarter Revenue of $21.2 Million as Atherectomy Product Sales Increase 42%*, dated October 31, 2007 (Zelichov Decl., Ex. 14).

- *Spectranetics Fourth Quarter Revenue up 35% to $23.9 Million, Features Strong Lead Management and Atherectomy Product Sales*, dated February 20, 2008 (Zelichov Decl., Ex. 15).

- *Spectranetics First Quarter Revenue up 37% to $23.8 Million, Driven by Strong Vascular Intervention and Lead Management Performance*, dated April 23, 2008 (Zelichov Decl., Ex. 16).

- *Spectranetics Provides Update on VIVA II: SALVAGE Trial*, dated September 15, 2008 (Zelichov Decl., Ex. 17).

- *Spectranetics Makes Pre-IDE Submission to FDA for the Treatment of In-Stent Restenosis in the Legs*, dated May 5, 2009 (Zelichov Decl., Ex. 18).

Spectranetics Conference Call Transcripts

- Q4 2005 Spectranetics Earnings Conference Call Transcript, February 22, 2006 (Zelichov Decl., Ex. 19).

- Q1 2007 Spectranetics Earnings Conference Call Transcript, April 19, 2007 (Zelichov Decl., Ex. 20).

- Q3 2007 Spectranetics Earnings Conference Call Transcript, October 31, 2007 (Zelichov Decl., Ex. 21).

- Q4 2007 Spectranetics Earnings Conference Call Transcript, February 20, 2008 (Zelichov Decl., Ex. 22).

- Q2 2008 Spectranetics Earnings Conference Call Transcript, July 29, 2008 (Zelichov Decl., Ex. 23).

Documents Available on Government and Other Publicly Available Websites

- The company overview web page for Bavaria Medizin Technologie GmbH ("BMT"), available at http://www.bavaria-medizin.de/company.html. (Zelichov Decl., Ex. 25).

- The company overview web page for Future Medical Design Co., Ltd. ("FMD"), available at http://www.fmd-j.com/english/fmd/index.html. (Zelichov Decl., Ex. 26).

- U.S. Food and Drug Administration ("FDA")-approved Instructions for Use for Spectranetics TURBO elite™ Excimer Laser Catheters, available at http://www.spectranetics.com/pdf/IFU/7030-0624-04_TurboElite_US.pdf. (Zelichov Decl., Ex. 27).

11

- FDA-approved Instructions for Use for Spectranetics ELCA® Catheters, available at http://www.spectranetics.com/pdf/IFU/7030-0624-04_TurboElite_US.pdf. (Zelichov Decl., Ex. 28).

- U.S. Food & Drug Administration, *Final Guidance on Industry-Supported Scientific and Educational Activities*, Fed. Reg. Vol. 62, No. 232, 64074, December 3, 1997, available at http://frwebgate4.access.gpo.gov/cgi-bin/PDFgate.cgi?WAISdocID=225316164594+1+2+0&WAISaction=retrieve. (Zelichov Decl., Ex. 29).

- GAO Report to Senate Finance Committee, *FDA's Oversight of the Promotion of Drugs for Off Label Use*, GAO-08-835, dated July 2008, available at www.gao.gov/new.items/d08835.pdf. (Zelichov Decl., Ex. 30).

- U.S. Food & Drug Administration, *Good Reprint Practices for the Distribution of Medical Journal Articles*, dated January 2009, available at http://www.fda.gov/OHRMS/DOCKETS/98fr/FDA-2008-D-0053-gdl.pdf (Zelichov Decl., Ex. 31).

- U.S. Food & Drug Administration, *What OCI Investigates*, available at http://www.fda.gov/ICECI/CriminalInvestigations/ucm123062.htm. (Zelichov Decl., Ex. 32).

Spectranetics' Stock Prices

- Chart of the stock prices of Spectranetics from March 16, 2007 through September 4, 2008. (Zelichov Decl., Ex. 33).

12

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the documents referenced and described herein in support of their Motion to Dismiss.

Dated: September 18, 2009

/s/ Richard H. Zelichov
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310-788-4400
Facsimile: 310-788-4471
Email: richard.zelichov@kattenlaw.com

*Counsel for Defendants The Spectranetics Corporation, Guy A. Childs, Emile Geisenheimer, Jonathan W. McGuire, and Craig M. Walker, M.D.*