**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-02048-REB-KLM
(Consolidated with Civil Action Nos. 08-cv-02055-CMA-CBS, 08-cv-02078-MSK-BNB,
08-cv-02267-MSK-CBS, 08-cv-02420-PAB, 08-cv-02603-MSK-BNB)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Lead Plaintiff's Motion for Partial Modification of the PSLRA Discovery Stay** [Docket No. 60; Filed July 8, 2009] (the "Motion"). The Court has reviewed the Motion, Defendant's Opposition to Lead Plaintiff's Motion for Partial Modification of the PSLRA Discovery Stay [Docket No. 69; Filed July 28, 2009], Lead Plaintiff's Reply to Defendants' Opposition to Motion for Partial Modification of the PSLRA Discovery Stay [Docket No. 76; Filed Aug. 12, 2009], and relevant law, and is sufficiently advised in the premises. As set forth below, the Motion is **DENIED**.

**I. Background**

This is a private securities class action filed by The Spectranetics Investor Group as lead plaintiff ("Plaintiff") against Spectranetics Corporation and its officers (collectively, "Defendant"). Plaintiff's Consolidated Class Action Complaint [Docket No. 75; Filed Aug. 4, 2009] represents the consolidation of six class actions against Defendant. Plaintiff alleges that Defendant violated Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 by making materially misleading statements in connection with sales of its securities. *Consolidated Complaint* [#75] at ¶ 17.

Defendant is or has been under investigation or inquiry by a number of regulatory entities, including the Food and Drug Administration ("FDA"), Immigration and Customs Enforcement ("ICE"), the Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), and the Department of Labor ("DOL") (collectively, the "Regulators"). *Plaintiff's Motion* [#60] at 2–4; *Defendant's Response* [#69] at 3. Plaintiff claims that Defendant engaged in a number of unlawful activities (leading to these regulatory investigations and inquiries) but failed to inform shareholders about such activities, thereby issuing "materially false and misleading" financial statements. *Plaintiff's Motion* [#60] at 7.

In anticipation of Defendant's Motion to Dismiss Lead Plaintiff's Consolidated Class Action Complaint [Docket No. 92, Filed Sept. 18, 2009], Plaintiff filed this Motion to modify the stay on all discovery imposed by the Private Securities Litigation Reform Act (the "PSLRA"). The stay applies to private claims alleging securities fraud and went into effect automatically when Defendant filed its motion to dismiss.[1] Plaintiff specifically requests discovery of all documents that Defendant has furnished or plans to furnish to the Regulators. *Plaintiff's Motion* [#60] at 1, 5.

## II. Discussion

The PSLRA requires that a plaintiff in a securities fraud action plead specific facts based on actual knowledge, and not on knowledge acquired through discovery. *S.G. Cowen Sec. Corp. v. U.S. Dist. Court for N.D. Cal.*, 189 F.3d 909, 912 (9th Cir. 1999).

---

[1] The PSLRA requires that discovery be stayed "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (2006). Because a motion to dismiss has been filed, the Court need not decide whether Plaintiff's Motion was filed prematurely. The Court is satisfied that because a motion to dismiss is currently pending, Plaintiff's Motion is timely.

Therefore, in a private securities lawsuit:

> "[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."

15 U.S.C. § 78u-4(b)(3)(B) (2006). The purpose of the discovery stay is to allow the court to determine the legal sufficiency of a complaint alleging securities fraud before corporate defendants are forced to engage in costly discovery, which in turn may unfairly coerce early settlement. S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693; *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 682–83 (D. Md. 2000).

In order to grant Plaintiff's Motion, this Court must be satisfied that Plaintiff's discovery request is both particularized and necessary to preserve evidence or to prevent undue prejudice. 15 U.S.C. § 78u-4(b)(3)(B); *Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998) (emphasizing that the "particularity" requirement applies both to the need to preserve evidence and the need to prevent undue prejudice). The Court will also consider the parties' arguments on the legislative policy behind the PSLRA and how such policy bears on the current Motion. The stay may be modified if the collective weight of these factors shows that there is good cause to permit Plaintiff to engage in immediate discovery. *See In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002). Because it appears that this issue has not yet been addressed in the Tenth Circuit, the Court look to cases from other jurisdictions in deciding this Motion.

Plaintiff contends that its discovery request is "particularized" in that it requests the exact same documents that have been provided by Defendant to the Regulators, and that it may suffer undue prejudice without discovery because the Regulators would be able to

develop litigation strategy against Defendant, but Plaintiff would not. *Plaintiff's Motion* [#60] at 5–6. Defendant argues that Plaintiff has not made a sufficiently particularized request and has not shown the kind of *undue* prejudice required to lift the automatic stay in discovery. *Defendant's Response* [#69] at 5–7. Upon review of each of the express requirements of the exceptions to the discovery stay, as well as legislative policy behind the PSLRA, the Court agrees with Defendant that Plaintiff has not met its burden to show that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to [Plaintiff]." 15 U.S.C. § 78u-4(b)(3)(B).

### A. Particularized Request

Plaintiff requests "the limited universe of materials that Spectranetics has produced and will produce in the course of the recently-announced Regulators' investigations," claiming such a request is particularized. *Plaintiff's Motion* [#60] at 5, 11.

Courts have differed greatly in their definition of a "particularized" discovery request in PSLRA cases. *Compare Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001) (rejecting a request for 45,000 pages of documents) *with In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (approving a request for over one million pages of discovery). However, they generally agree that a request is not particularized when it basically covers everything that would be discoverable in a non-PSLRA case. *Carnegie Int'l*, 107 F. Supp. 2d at 684; *Mishkin*, 220 B.R. at 793.

A discovery request targeting the same list of documents that has already been produced to governmental authorities is more likely to be found "particularized." *E.g.*, *Royal Ahold*, 220 F.R.D. at 250. In *Royal Ahold*, the court determined that a request for duplicate discovery of documents provided to securities regulators was appropriate, despite its girth,

4

because the documents sought had already been compiled. *Id.* at 250. Another court allowed discovery of documents already produced during securities investigations based on the fact that the plaintiff requesting the documents had met the other standards to lift the PSLRA's discovery stay. *WorldCom,* 234 F. Supp. 2d at 306.

A discovery request is less likely to be sufficiently particularized where it encompasses numerous documents that, although previously provided to investigators, might be irrelevant to a private securities claim. *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005). Although the defendant in *Fannie Mae* had provided materials to a government agency investigating securities fraud, the court found that only some of those materials would be relevant to the plaintiff's securities case, and therefore the request for all materials provided to the government was not sufficiently particularized. *Id.* Another court similarly denied a discovery request to access all documents that had been provided to the state attorney general because the plaintiffs had not specified "specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert." *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007).

Here, Plaintiff makes a request that includes all documents and materials provided to five different governmental entities, one of which (the DOL) has dismissed its claim against Defendant, and two of which (the SEC and FINRA) are not actively conducting investigations. *Defendant's Response* [#69] at 3. At this juncture, whether the complete universe of documents turned over to the Regulators is relevant to Plaintiff's case is a difficult question. Defendant points out that the FDA and ICE have gathered information relating to Defendant's potential violations of drug and medical safety laws, but not direct

5

fraud or securities violations. *Id.* at 2. However, Plaintiff alleges that Defendant "failed to disclose" a number of activities that allegedly violated federal law and led to the Regulators' investigations.[2] *Plaintiff's Motion* [#60] at 7. There is likely at least some overlap between the Regulators' investigations and the basis for Plaintiff's claims. *Id.* at 11.

It is impossible to determine, without knowing more about the type of materials given to or seized by the Regulators, that the entirety of such materials is relevant to Plaintiff's claims. Many of the materials dealing with safety and employment practices may not bear on the existence of scienter or specific misrepresentations of Defendant, as Plaintiff is required to prove under the PSLRA. *See* 15 U.S.C. 78u-4(b)(1–2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 318 (2007). Plaintiff has made no effort to specify exactly what types of documents it seeks by making this request. Nevertheless, courts have granted such bare discovery requests before. *See Royal Ahold*, 220 F.R.D. at 250.

This Court is inclined to agree with the *WorldCom* court that, had Plaintiff met its burden of showing undue prejudice or a need to preserve evidence, and had it shown a strong adherence to the spirit of the PSLRA, its weakly particularized request would not alone warrant denial of its motion. However, as discussed below, Plaintiff's request fails to satisfy the remaining requirements of the statute.

### B. Need to Preserve Evidence or to Prevent Undue Prejudice

Plaintiff does not assert a need to preserve evidence in this case. Instead it claims a risk of undue prejudice as justification for its discovery requests, arguing that without

---

[2] Such activities, Plaintiff claims, include illegal marketing and sales of foreign and/or unapproved medical products; improper payments to medical professionals who participated in clinical studies; and questionable employee compensation practices. *Plaintiff's Motion* [#60] at 7.

access to the same discovery given to Regulators, Plaintiff will be "the only party unable to make informed decisions about its litigation strategy." *Plaintiff's Motion* [#60] at 13. However, Plaintiff has not shown circumstances rising to the level of *undue* prejudice; rather it complains of a procedural disadvantage that is simply the natural effect of the PSLRA discovery stay. Absent "unique circumstances" such as settlement negotiations or a defendant's pending bankruptcy, the simple fact that the government is investigating a corporation does not unduly prejudice a private securities plaintiff. *Am. Funds*, 493 F. Supp. 2d at 1106.

        1. *The Nature of "Undue Prejudice"*

To prove undue prejudice, a party must show that delaying discovery would be improper or unfair, given the circumstances of the case. *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001) (citing *Med. Imaging Ctrs. of Am. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996)) (requiring less than "irreparable harm"). Forcing the plaintiff to wait until its complaint has been legally tested before it can conduct discovery is not *unduly* prejudicial for PSLRA's purposes. *In re Sunrise Senior Living, Inc. Derivative Litig.*, 584 F. Supp. 2d 14, 18 (D.D.C. 2008) ("[A]ny stay of discovery inflicts a certain degree of prejudice."); *CFS*, 179 F. Supp. 2d at 1264.

There is no categorical exception to the stay pertaining to discovery of documents that have been provided to regulatory authorities. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1181 n. 29 (C.D. Cal. 2008). In fact, a securities plaintiff must show the existence of "exceptional circumstances" before lifting the discovery stay – and other courts have found that ongoing government investigations are not exceptional. *See, e.g., Sisk v. Guidant Corp.,* No. 1:05-cv-01658-SEB-WTL, 2007 WL 1035090, at *4 (S.D.

Ind. Mar. 30, 2007); *Fannie Mae*, 362 F. Supp. 2d at 37; *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 1500, 02 Civ. 5575(SWK), 2003 WL 21729842, at *2 (S.D.N.Y. July 25, 2003); *Vacold LLC v. Cerami*, No. 00 CIV. 4024(AGS), 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001); *see also Am. Funds*, 493 F. Supp. 2d at 1106 (requiring "unique circumstances" to show that regulatory action unduly prejudices plaintiff). A plaintiff claiming undue prejudice should show exceptional circumstances specific to its case – not make a conclusory allegation about being delayed or disadvantaged in relation to other parties. *In re Odyssey Healthcare, Inc.*, No. Civ.A.3:04-CV-0844-N, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005).

### 2. *Examples of Undue Prejudice and Exceptional Circumstances*

Courts agree that undue prejudice occurs when "multiple parties [are] vying for a piece of a limited pie, and plaintiffs would be at a serious disadvantage" without the requested discovery. *Sunrise Senior Living*, 584 F. Supp. 2d at 18. One such situation is where the defendant has filed for bankruptcy, is undergoing investigation by several other entities, and the court has ordered global settlement negotiations when several parties to the negotiations have information the plaintiff does not have. *WorldCom*, 234 F. Supp. 2d at 305–06. In such a case, discovery is necessary to enable plaintiffs to develop litigation or settlement strategy "in a rapidly shifting landscape." *Id.* at 305. The concern is that, because of the delay in plaintiff's discovery, other entities would exhaust what remains of the defendant's financial resources before plaintiff could obtain judgment. *Id.* at 306. A similar concern was expressed in another case where a defendant was divesting itself of several assets, thereby limiting the plaintiff's ability to recover if its suit were delayed. *Royal Ahold*, 220 F.R.D. at 251–52. The *Royal Ahold* court kept the discovery stay in place

in regard to other defendants who were not in the process of reorganizing. *Id.* at 253.

Similarly, when a defendant has already entered into a settlement with regulatory authorities as a result of ongoing investigations, undue prejudice becomes a concern because it may harm the plaintiff's chance to recover. *E.g.*, *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004). In *LaBranche*, the corporate defendant had entered into a $63.5 million settlement with regulators and remained under investigation. *Id.* The same court later characterized a similar request as an "*unusual* need for an early review of crucial records" (emphasis added). *Waldman v. Wachovia Corp.*, No. 08 Civ. 2913(SAS), 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009). Further, when the plaintiff would be at an informational disadvantage during its own settlement negotiations, undue prejudice may occur. *Fannie Mae*, 362 F. Supp. 2d at 39; *WorldCom*, 234 F. Supp. 2d at 305–06.

The fact that a party is the target of regulatory scrutiny does not automatically indicate a risk of undue prejudice. *Sunrise Senior Living*, 584 F. Supp. 2d at 18–19 (noting that SEC investigations are "routine" and do not implicate the PSLRA's discovery stay exceptions); *Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131, 133–134 (S.D.N.Y. 2003). One court found that even where the corporate defendant *had* settled with other entities, delay experienced by the private securities plaintiff was normal and not unduly prejudicial when the plaintiff was not being pressured to settle its case. *In re Lantronix, Inc. Sec. Litig.*, No. CV 02-03899 PA., 2003 WL 22462393 (C.D. Cal. Sept. 26, 2003). Again, courts have looked for situations where a settlement, like a bankruptcy or the divestiture of assets, would leave plaintiffs "without remedy" if their lawsuits were delayed. *See In re Vivendi Universal*, 381 F. Supp. 2d 129, 130–31 (S.D.N.Y. 2003).

Plaintiff points to some cases which conclude that when regulatory or governmental entities have access to the defendant's documents, a plaintiff without equal access suffers undue prejudice. *See, e.g.*, *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 Civ.6942(SAS), 2005 WL 388561, at *2 (S.D.N.Y. Feb. 17, 2005). These courts, like Plaintiff, seize on the language in *WorldCom* stating that when a plaintiff is the only party who is not provided access to certain documents, it is unable to make strategic litigation decisions in a "rapidly shifting landscape." *See, e.g.*, *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (citing *WorldCom*, 234 F. Supp. 2d at 305); *see also Seippel*, 2005 WL 388561, at *1, n. 6 (quoting similar language from *LaBranche*, 333 F. Supp. 2d at 183). However, these cases fail to account for the special circumstances present in *WorldCom* – the defendant's bankruptcy and the beginning of settlement negotiations involving other parties who possessed information unknown to plaintiffs. *WorldCom*, 234 F. Supp. 2d at 305–06.[3]

In a subsequent decision, the *WorldCom* court distinguished cases where defendants had not yet reached any settlement agreement with regulatory authorities from those where a settlement had already occurred, thereby strengthening the requirement for finding an exceptional situation before a discovery stay can be lifted. *See LaBranche*, 333 F. Supp. 2d at 183 (distinguishing *AOL Time Warner*, 2003 WL 21729842, at *1; *Rampersad*, 381 F. Supp. 2d at 133–34; and *Vivendi Universal*, 381 F. Supp. 2d at

---

[3] One court relied so heavily upon this passage from *WorldCom* that it allowed discovery even after it recognized that there was no bankrupt defendant or other urgent circumstances threatening plaintiff's recovery. *Singer v. Nicor*, No. 02 C 5168, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003) ("[E]ven if [defendant] is not bankrupt, the concerns expressed by . . . *WorldCom* are valid and present in this case."). This Court does not find this reasoning persuasive, given the special circumstances present in the *WorldCom* case and lacking in the *Singer* case.

130–31).  Shortly thereafter, the District of Columbia District Court specifically decreed that a plaintiff's unequal footing with regulatory authorities does not, on its own, amount to undue prejudice for purposes of the PSLRA discovery stay.  *Fannie Mae*, 362 F. Supp. 2d at 39.

### 3. *Application of Undue Prejudice Requirement to the Instant Motion*

Plaintiff has not shown the kind of "exceptional circumstances" envisioned by the PSLRA discovery stay exception.  Plaintiff has failed to demonstrate that its chances of recovery will be diminished if it is not allowed to proceed with discovery or that urgent circumstances exist such as Defendant's pending bankruptcy or asset divestiture, or global settlement negotiations.  Moreover, Congress, by instituting higher pleading requirements in PSLRA cases than in other administrative or litigation situations, likely intended for parties like Plaintiff to stand on different ground from the Regulators.  *See, e.g.*, *Sunrise Senior Living*, 584 F. Supp. 2d at 18 ("[I]t is unlikely that . . . contemporaneous investigations and their possible impact on parties in private litigation escaped the awareness of Congress.").

Plaintiff alleges undue prejudice based merely on the fact that without discovery of documents provided to the Regulators, it will be unable to make strategic decisions and will be on unequal footing with the Regulators.  *Plaintiff's Motion* [#60] at 13.  This is not enough to amount to undue prejudice. Plaintiff must allege more exceptional circumstances, like those in *LaBranche* ($63.5 million settlement agreement with SEC) or *WorldCom* (bankruptcy and ongoing settlement negotiations).  Defendant points out that no such circumstances exist in this case: the parties are not in settlement negotiations or being required to participate in settlement negotiations, and Defendant has not filed

11

bankruptcy. *Defendant's Response* [#69] at 2.  Defendant further states that it has enjoyed positive financial performance this year and that a settlement recently paid to a former employee (who filed the complaint with the DOL) was "within the limits of the Company's insurance." *Id.* at 10.   Plaintiff notes that Defendant fails to specifically assert that it is not in settlement negotiations with Regulators.  *Plaintiff's Reply* [#76] at 2, 8.  However, a claim of undue prejudice based only on a plaintiff's suspicion of a potential pending settlement is"premature."  *See AOL Time Warner*, 2003 WL 21729842, at *1.

This is not a "limited pie" situation.  At least three of five Regulators are not actively proceeding against Defendant, *Defendant's Response* [#69] at 3, and there is no showing that Defendant is currently involved in settlement negotiations with any party.  Defendant's financial status -- and ability to pay any judgment that might result in this case – does not appear to be in imminent danger.  The delay caused by the mandatory PSLRA stay is unlikely to reduce Plaintiff's chances of recovering if its claims have merit. Because Plaintiff has not pointed to unique or extraordinary circumstances that prejudice it beyond the prejudice that Congress envisioned when it enacted the PSLRA, it has failed to demonstrate undue prejudice for the purposes of lifting the PSLRA's automatic discovery stay.

### C. Legislative Policy

Because the PSLRA was intended to protect corporations from coercive discovery, other courts have analyzed whether lifting the PSLRA discovery stay in a particular case would comport with the legislative policy of the Act, and whether the corporate defendant would be burdened by the plaintiff's discovery request.  *E.g.*, *LaBranche*, 333 F. Supp. 2d at 181–82.   Here, Plaintiff argues that its request will impose little to no burden on

Defendant and that it has sufficiently proven that it is not seeking discovery for coercive purposes. *Plaintiff's Motion* [#60] at 5. However, both of these arguments are debatable, and caselaw indicates that a securities plaintiff cannot rely upon PSLRA policy alone to overcome its failure to meet the strict statutory requirements of the exceptions to the discovery stay. *E.g.*, *380544 Canada, Inc. v. Aspen Tech., Inc.*, No. 07 Civ. 1204(JFK), 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007).

      1.  *PSLRA Policy Concerns*

Any tactic to achieve discovery solely for the purposes of bolstering one's chances of surviving a motion to dismiss or drafting a superior complaint through discovered material is rejected under the PSLRA. *See, e.g.*, S. Rep. No. 104-98, at 14; *Vivendi Universal*, 381 F. Supp. 2d at 130; *Carnegie Int'l*, 107 F. Supp. 2d at 684; *S.G. Cowen*, 189 F. 3d at 913. This is because the PSLRA intends a private securities complaint to "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *S.G. Cowen*, 189 F.3d at 912. Thus, courts are on the lookout for plaintiffs on a "fishing expedition." *Carnegie Int'l*, 107 F. Supp. 2d at 680; *see also* S. Rep. 104-98, at 14 (aiming to prevent plaintiffs from filing suit so they can use discovery to search "for the slightest positive comment which [plaintiff's counsel] can claim induced the plaintiff to invest and any shred of evidence that the company knew a downturn was coming.")

Mindful of these goals, courts that allow discovery of documents provided to regulatory authorities have occasionally pointed out that such discovery does not violate the stated purposes of the PSLRA. *E.g.*, *LaBranche*, 333 F. Supp. 2d at 181–82; *FirstEnergy*, 229 F.R.D. at 545; *In re Williams Sec. Litig.*, No. 02-CV-72H (M), 2003 WL

22013464, at *2–3 (N.D. Okla. May 22, 2003). One court also opined that when plaintiffs present a particularly strong case, the dangers the PSLRA sought to prevent are far less apparent. *Royal Ahold*, 220 F.R.D. at 251 (finding that when a securities defendant publicly admitted "major misteps, if not actual fraud," there was less of a chance that plaintiff would use discovery as a fishing expedition to find a supportable claim, because its claim was already well supported).

Courts have also analyzed the burden a particular discovery request would place on corporate defendants when considering a motion to modify the PSLRA discovery stay. *WorldCom*, 234 F. Supp. 2d at 306. This trend may have arisen to ensure loyalty to the legislative purpose of preventing defendants from undergoing costly and burdensome discovery before the plaintiff's complaint could be legally challenged. *See Carnegie Int'l*, 107 F. Supp. 2d at 680. A defendant faces a reduced discovery burden when it has already gathered and produced the same materials for other parties. *E.g.*, *FirstEnergy*, 229 F.R.D. at 545; *Singer*, 2003 WL 22013905, at *2; *In re Enron Corp. Sec., Derivative & ERISA Litig.,* Nos. MDL-1446, Civ.A. H-01-3624, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002)*.* This burden is further minimized when a plaintiff offers to pay the defendant's costs to produce those documents. *LaBranche,* 333 F. Supp. 2d at 183; *FirstEnergy*, 229 F.R.D. at 545, n. 5; *Singer*, 2003 WL 22103905, at *2.*

In at least one case, without an express finding of undue prejudice or any other basis for lifting the discovery stay, the court lifted a discovery stay simply because "[i]n a sense discovery has already been made." *Enron*, 2002 WL 31845114, at *2 (expressing concern over the defendant benefitting from the "strictures of the statute" when it had already produced the requested materials for regulatory authorities). However, other courts have

addressed the reduced burden on defendants only after they have already determined that undue prejudice exists. *E.g.*, *FirstEnergy*, 229 F.R.D. at 545; *WorldCom*, 234 F. Supp. 2d at 306.

Although courts may consider whether policies behind the PSLRA discovery stay are frustrated by lifting that stay, *see, e.g.*, *Rampersad*, 381 F. Supp. 2d at 134, nothing in the statute requires such a consideration nor allows an exception to the stay based merely on policy considerations, 15 U.S.C. § 78u-4(b)(3)(B). The Southern District of New York, a frequent ruler on the PSLRA, recently held that "the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay . . . is not sufficient to warrant lifting the stay." *380544 Canada*, 2007 WL 2049738, at *2. Furthermore, recent caselaw on the PSLRA has focused on whether the essential elements of the stay exception are present: particularized requests plus a risk of undue prejudice or of losing evidence. *Sunrise Senior Living*, 584 F. Supp. 2d at 16–19; *380544 Canada*, 2007 WL 2049738, at *2 ("[T]he PSLRA's discovery stay may be lifted only if a court finds that doing so is necessary to preserve evidence or prevent undue prejudice."); *Am. Funds*, 493 F. Supp. 2d at 1105–1106. One federal court explicitly ruled that:

> Congress did not decree that discovery would be permitted . . . if certain circumstances arose which would make the discovery either less burdensome to the defendants than ordinary discovery or, perhaps, not burdensome at all. Rather, the focus of the statutory language is on the need either to preserve evidence . . . or to prevent *undue* prejudice.

*Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819 et al., 2006 WL 2869588, at *2 (S.D. Ohio Oct. 5, 2006). Lifting the discovery stay in reliance only upon a showing of minimal burden to the defendants or the general policies behind the PSLRA circumvents the clear

requirements of the discovery stay and its limited exceptions.  *See id.*

### 2.  *Policy Concerns in This Case*

Plaintiff attempts to show that its request is appropriate because it does not violate the purposes of the PSLRA.  *Plaintiff's Reply* [#76] at 2, 3–5.  However, this assertion alone cannot justify lifting the PSLRA stay without a separate showing of undue prejudice. Plaintiff asserts that it has made a strong enough case to withstand a motion to dismiss, and therefore should be allowed to proceed with discovery.  *See Plaintiff's Motion* [#60] at 9; *Plaintiff's Reply* [#76] at 4.  However, a court cannot decide a motion to dismiss on the basis of a motion to modify a discovery stay.  *Royal Ahold*, 222 F.R.D. at 251.  And Plaintiff's motion does not allege that Defendant has admitted fraud or the level of wrongdoing admitted by the defendants in *Royal Ahold*, where the court briefly considered the strength of the plaintiff's case in determining the appropriateness of discovery.  *See id.*

Plaintiff claims that it is not seeking discovery in order to bolster its complaint because the final, amended complaint has already been filed in this case.  *Plaintiff's Reply* [#76] at 4; *Plaintiff's Consolidated Complaint* [# 75].  However, discovery at this point might enable Plaintiff to use discovered documents in opposition to Defendant's motion to dismiss – an action which, like using discovery to plead a sufficient case, the PSLRA seeks to prevent.  Therefore, even though Plaintiff has filed its "final" complaint, the concern that discovery may be conducted "in hopes of finding a sustainable claim" remains.  *See* S. Rep. 104-98, at 14.

Plaintiff has also offered to pay Defendant's reasonable production costs and to enter into a confidentiality stipulation in order to reduce any burden the discovery might place on Defendant.  *Plaintiff's Motion* [#60] at 12, n. 11; *Plaintiff's Reply* [#76] at 10.

Although this may dramatically reduce the financial burden of production, Defendant claims that it does not have possession of some of the materials Regulators seized. *Defendant's Response* [#69] at 14–15. Therefore, collecting the relevant materials may take a great deal of time and/or effort. The risk that Defendant will be burdened by this request – and therefore be pressured into settling Plaintiff's case – is not removed by Plaintiff's offer to pay costs.

When a plaintiff has not proven that discovery is necessary under the clear terms of the PSLRA, arguing that the request comports with PSLRA policy is insufficient alone to lift the stay on discovery. *Enron* appears to be an anomaly in this area, and offers no analysis of the statute's textual requirements. *Enron*, 2002 WL 31845114, at *1–2. Without having met any of the statute's express requirements, Plaintiff should not be permitted to rely on a policy-based argument to salvage its motion.

### III. Conclusion

Plaintiff has not sufficiently shown that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice," as is required to lift the PSLRA's automatic stay of discovery. Plaintiff's request likely covers far more than Plaintiff needs to compete with future potential action by the Regulators, and therefore may be too broad to be sufficiently particularized. Even if its request is not overly broad, Plaintiff has failed to show undue prejudice beyond different treatment from Regulators (a result that Congress appeared to contemplate), and it has not shown the level of "exceptional circumstances" courts require to lift the discovery stay. Plaintiff has not demonstrated that the policies behind the PSLRA would be fully protected by lifting the stay, given that discovery may still burden Defendant and Plaintiff could utilize information divulged in

discovery to respond to Defendant's motion to dismiss. Furthermore, Plaintiff's reliance on burdens and policies does not overcome its failure to meet the demands of the discovery stay's express exceptions. The collective weight of the factors to be considered when lifting the discovery stay favors Defendant.

IT IS HEREBY **ORDERED** that the Motion for Partial Modification of the PSLRA Discovery Stay is **DENIED**.

DATED:   October 14, 2009

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge