IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02048-REB-KLM

(Consolidated with Civil Action No. 08-cv-02055-CMA-CBS, 08-cv-02078-MSK-BNB, 08-cv-02267-MSK-CBS, 08-cv-02420-PAB, 08-cv-02603-MSK-BNB)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION

_____

DEFENDANTS' MOTION TO STRIKE
LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT
_____

Defendants The Spectranetics Corporation ("Spectranetics" or the "Company"), Guy A. Childs, Emile Geisenheimer, Jonathan W. McGuire, John G. Schulte and Craig M. Walker, M.D. (the "Individual Defendants" and collectively with Spectranetics the "Defendants") respectfully move to strike Lead Plaintiff's Consolidated Amended Class Action Complaint (the "CAC").[1] Plaintiff based much of the CAC on information attributed to someone defined as Confidential Witness 1 ("CW1), but Plaintiff, its counsel, and its investigative team apparently **never** spoke with the person described in the CAC as CW1.[2] Plaintiff and its counsel therefore filed a CAC riddled with errors and the entire document should be stricken. Alternatively, the Court should at least strike all parts of the CAC that discuss, rely upon, or are based on information attributed to CW1.

## BACKGROUND

Plaintiff filed the CAC on August 4, 2009, asserting three claims against Defendants. Specifically, the CAC asserted two claims under Section 10(b) of the Securities Exchange Act of 1934 and one claim under Section 20(a) of the Securities Exchange Act of 1934. The factual allegations of the CAC were based in large part on information that Plaintiff claimed came from CW1. CW1 is specifically referenced in Paragraphs 96-100, 117, 120, 123-126, 150, 164-165, 169, 170, 171 and 212 of the CAC and the CAC seemingly repeats information from CW1 in additional paragraphs,

---

[1] Defendants have read this Court's Practice Standards and certify that they have complied with such standards in this motion and have also met and conferred with opposing counsel regarding the matters set forth herein in accordance with the Court's Local Rules. (See Declaration of Richard H. Zelichov in Support of Motion to Strike Lead Plaintiff's Consolidated Class Action Complaint ("Zelichov Decl.") at ¶ 5.)

[2] Defendants only recently obtained the information upon which this motion is based in the form of the letter from co-Lead Plaintiff's counsel at Labaton Sucharow to Robert C. Blume at Gibson Dunn & Crutcher indicating that "CW1 is not and has never been represented by you or your firm." (See Zelichov Decl. at ¶ 4, Ex. B.)

31507822

including at least Paragraphs 69-72, 78-87 and 238.

The CAC describes CW1 as an "Executive Officer who worked at the Company's headquarters from May 2007 to October 2008" and who was "Vice President in charge of overall strategic business decisions." (CAC, ¶ 96.) The CAC also indicates that CW1 is male. (CAC, ¶ 99.) There is only one person who fits that definition at Spectranetics – Obinna L. Adighije – as Mr. Adighije served as Vice President, Business Development & Strategy from May 2007 to October 2008. (See Declaration of Guy A. Childs in Support of Motion to Strike Lead Plaintiff's Consolidated Class Action Complaint, ¶¶ 2, 3.) Mr. Adighije is represented by Robert C. Blume of Gibson Dunn & Crutcher LLP in connection with the FDA investigation referenced in the CAC. (See Declaration of Richard H. Zelichov in Support of Motion to Strike Lead Plaintiff's Consolidated Class Action Complaint ("Zelichov Decl."), ¶ 3, Ex. A.) Plaintiff's counsel has expressly indicated that neither they nor their investigative team spoke with any CW1 that "is [or] has [ever] been represented by" Mr. Blume or his law firm. (See Zelichov Decl., ¶ 4, Ex. B.) It thus appears that the CAC attributes information to CW1 – Mr. Adighije – that did not come from him.

## ARGUMENT

The Private Securities Litigation Reform Act of 1995 significantly raised the standards to state a private claim under the Securities Act of 1933 and the Securities Exchange Act of 1934. See City of Philadelphia v. Fleming Cos., 264 F.3d 1245, 1258 (10th Cir. 2001). Stockholders asserting such claims have to plead both falsity and scienter with particularity as to each defendant and each allegedly false statement.

31507822

See, e.g., Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1238 (11th Cir. 2008).  To plead falsity, the plaintiff must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading."  Moreover, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1).  To plead scienter in the Tenth Circuit, the Reform Act requires a plaintiff "with respect to each act or omission, . . . [to] state with particularity facts giving rise to strong inference that the defendant acted with" scienter.  In re FX Energy, Inc. Sec. Litig., Nos. 2:07-CV-874 CW, 2:07-CV-938 DAK, 2:07-CV-966 DAK, 2009 WL 1812828, at *5 (D. Utah. June 25, 2009); see also 15 U.S.C. § 78u-4(b)(2).  This is a "stringent" requirement.  Adams v. Kinder Morgan, Inc., 340 F.3d 1083, 1096 (10th Cir. 2003).

These heightened standards as well as the fact that there is a mandatory stay of discovery before the court determines that a stockholder has stated a claim for relief has caused stockholders bringing such claims to focus much effort on attempting to contact former company employees.  Stockholders look to these former employees – who they designate as confidential witnesses or CWs in the complaints that they file – for the information that they need to meet the stringent Reform Act standards.  The focus on CWs, however, can lead to mischief.  CWs might provide information that is "mere rumor and speculation," Adams, 340 F.3d at 1102; CWs might provide "hearsay," Kapur v. USANA Health Sciences, Inc., No.2:07-CV-00177DAK, 2008 WL 2901705, *16 (D. Utah July 23, 2009); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 996-997 (9th Cir. 2009); CWs might have an "axe to grind" against their former employer,

Higginbotham v. Baxter Int'l, Inc., 495 F.3d 753, 757 (7th Cir. 2007); FX Energy, Nos. 2:07-CV-874 CW, 2:07-CV-938 DAK, 2:07-CV-966 DAK, 2009 WL 1812828, *10 (D. Utah June 25, 2009); and plaintiffs and their counsel, in a misguided effort at advocacy, might exaggerate the positions of the CWs or the information that they obtained from the CWs to try to meet the Reform Act's requirements. Courts can deal with these situations by discounting or ignoring the allegations based on the CWs in determining whether a plaintiff has stated a claim.

Here, however, Plaintiff and its counsel have gone even further. They attribute information to someone described as CW1 – Obinna L. Adighije who is represented by counsel -- but at the same time claim that they never spoke with anybody represented by counsel. The CAC thus does not merely rely on rumor, speculation or exaggeration but is seemingly made up. Plaintiff has either made up the description of CW1 and/or his status as an unrepresented party and/or where it got the information that is attributed to him. This Court should therefore strike the entire CAC. Alternatively, the Court should at least strike all parts of the CAC that discuss, rely upon, or are based on information attributed to CW1.

31507822

5

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike the CAC; or, in the alternative, strike all parts of the CAC that discuss, rely upon, or are based on information attributed to CW1.


Dated:  December 18, 2009

/s/ Richard H. Zelichov
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310-788-4400
Facsimile:  310-788-4471
Email:  bruce@kattenlaw.com

Counsel for Defendants
The Spectranetics Corporation,
Guy A. Childs, Emile Geisenheimer,
Jonathan W. McGuire, and
Craig M. Walker, M.D.

/s/ Stephen C. Schulte
WINSTON AND STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5890
Facsimile:  312-558-5700
Email:  sschulte@winston.com

Counsel for Defendant John G. Schulte

31507822

6