IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 08-cv-02048-REB-KLM**

**(Consolidated with Civil Action No. 08-cv-02055-CMA-CBS, 08-cv-02078-MSK-BNB, 08-cv-02267-MSK-CBS, 08-cv-02420-PAB, 08-cv-02603-MSK-BNB)**

**In re SPECTRANETICS CORPORATION SECURITIES LITIGATION**

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiff has completely changed its position concerning CW1 in its Opposition to Defendants' Motion to Strike the Consolidated Amended Complaint. While evading and refusing to address directly the question as to who is CW1, Plaintiff nonetheless has gone from claiming that CW1 was "never represented" by counsel to its current claim that CW1 was not represented by Gibson Dunn & Crutcher **in this particular litigation**. Plaintiff thus argues it was not prevented from contacting and obtaining information from CW1. Plaintiff's effort to craft these fine distinctions on issues of legal ethics does not work. It is now clear that Plaintiff obtained information that it included in the CAC from a represented individual without the consent of that individual's counsel. The Court should strike the CAC and/or should strike the allegations of the CAC attributed to or based upon information Plaintiff allegedly obtained from CW1.

Even if the Court does not strike the CAC or the allegations based upon information from CW1 from the CAC, the Court should still dismiss the CAC for the reasons explained in Defendants' motion to dismiss and reply in support of their motion to dismiss. Plaintiff's opposition to the motion to strike confirms that CW1 is a former employee with an axe to grind who seems quite willing to distort the truth to get back at his former employer. Moreover, with or without CW1, Plaintiff does not have standing to assert its claims for securities fraud and Plaintiff has not alleged a duty to disclose, falsity, scienter, or loss causation. The motion to strike merely shows how far Plaintiff was willing to go to attempt and still fail to state a claim for relief against Defendants.

## ARGUMENT

I.    **The Court Should Strike The CAC And Its Allegations Attributed To CW1 Because Plaintiff Plainly Relies On Information Obtained From A Represented Party.**

Defendants argued in their motion that the Court should strike the CAC and/or the allegations in the CAC attributed to CW1 because CW1 either does not exist or is a represented party. Defendants' argument relied on Plaintiff's assertion – that Plaintiff admits was wrong in its Opposition -- that CW1 "is not and **has never been represented by** [Robert Blume] or [Gibson Dunn & Crutcher]." (Zelichov Decl., Ex. B.) It is clear now – if it was not before – that CW1 is Obinna Adighije as Plaintiff acknowledges that CW1 has been in contact with Mr. Blume and that Mr. Blume represents or has represented Mr. Adighije for at least some purposes. (Opp. to Mot. to Strike at 4, 6; Greenbaum Decl., ¶ 8.) Despite this "admission," Plaintiff tries to dance on a pinhead by arguing that it was not improper to contact, obtain, and include

2

information from a represented CW1 in its CAC. Plaintiff seemingly bases this claim on three arguments: (1) CW1 has not signed an "actual retainer agreement" with Robert Blume or Gibson Dunn & Crutcher; (2) Robert Blume and Gibson Dunn & Crutcher only represent Obinna Adighije in connection with the FDA/ICE investigation and not this lawsuit; and (3) Spectranetics may be indemnifying Mr. Adighije in accordance with an Affirmation and Undertaking for Advancement of Expenses Pursuant to Delaware General Corporation Law § 145(c) and the Bylaws of the Spectranetics Corporation, dated October 21, 2008 ("Affirmation and Undertaking"), executed by Mr. Adighije and his counsel. None of these arguments excuse Plaintiff's conduct here.

First, Plaintiff itself acknowledges that an attorney-client relationship does not require an "actual retainer agreement" between the attorney and the client. Plaintiff, in fact, writes that "an attorney client relationship exists 'when it is shown that the client seeks and receives the advice of the lawyer on the legal consequences of the client's past or contemplated actions.'" (Opp. to Mot. to Strike at 3 (quoting Monus v. Colo. Baseball, 103 F.3d 145, 1996 WL 723338, at *7 (10th Cir. 1996)); see also Johnson v. Miller, 596 F. Supp. 768, 773 (D. Colo. 1984) (under Colorado law a contract creating an attorney-client relationship . . . need not be express"); Jackson v. BellSouth Tele., 372 F.3d 1250, 1281 (11th Cir. 2004) ("the existence of a formal retainer agreement is not essential to finding an attorney-client relationship"). It is apparent here that such a relationship exists between Mr. Adighije and Mr. Blume as clearly reflected in the Affirmation and Undertaking. (Zelichov Decl., Ex. A.) The Affirmation and Undertaking specifically notes that Mr. Blume is "legal counsel" to Mr. Adighije and further indicates

that Mr. Adighije has "been advised by [his] own separate legal counsel." (Id.)[1]; see also Ex. C attached hereto (redacted invoices Gibson Dunn & Crutcher has sent to Mr. Adighije for services rendered from November 2008 to the present).[2]

Second, Plaintiff offers no support for the claim that it was permitted to contact Mr. Adighije to gather information for this litigation because Mr. Blume represents him only in connection with the FDA/ICE investigation and not this litigation. As an initial matter, Plaintiff's position on this issue reflects a marked change from its earlier correspondence in which it wrote that "CW1 is not and has never been represented by you or your firm" in a letter to Mr. Blume. (Zelichov Decl. Ex. B.) Thus, while Plaintiff previously asserted that it could contact CW1 because he was not represented by Gibson Dunn & Crutcher, Plaintiff now claims that it could contact him because Mr. Blume only represents him in connection with the FDA/ICE investigation and not this litigation.

This is a distinction without a difference. Plaintiff only brought this lawsuit alleging securities fraud after Spectranetics announced that the FDA/ICE had executed a search warrant on September 4, 2008. The complaints that were filed in the immediate aftermath of the execution of the search warrant quoted extensively from (and were based primarily on) Spectranetics' press release announcing the FDA/ICE investigation. (See, e.g., Complaint, Hancook v. The Spectranetics Corporation [Docket

---

[1] Plaintiff's suggestion that Mr. Blume somehow represents Spectranetics and therefore suffers from a conflict of interest in representing Mr. Adighije is somewhat reckless as Mr. Blume does not represent Spectranetics and there is no evidence that he does.

[2] The invoices have been redacted to remove, among other things, the majority of Mr. Adighije's address and the cost of the services Gibson Dunn & Crutcher has provided to him.

No. 1] ¶¶ 3-5, 42, 43-45.) The Consolidated Complaint is similarly based on the FDA/ICE investigation as it follows, consolidates and adds to complaints that would never have been filed absent Spectranetics' announcement concerning the FDA/ICE investigation, alleges the same conduct as that investigated by the FDA/ICE, and quotes from Spectranetics' press release concerning the FDA/ICE investigation. (CAC ¶¶ 9-10, 14-15, 63-90, 201-207, 217-222 [Docket No. 75.].) Indeed, Plaintiff's opposition to the motion to strike acknowledges the interconnected nature of the FDA/ICE investigation and this litigation as Plaintiff tries to argue that its allegations based on information from CW1 is corroborated by the results of the FDA/ICE investigation. (Opp. to Mot. to Strike at 11-12.)[3]

Third, Plaintiff's final assertion is that Mr. Blume and Gibson Dunn & Crutcher do not represent Mr. Adighije because Spectranetics may be paying Mr. Blume's invoices on behalf of Mr. Adighije. This argument contradicts black letter law holding that "[t]he existence of an attorney-client relationship and privilege is not dependent on the supposed client himself or herself paying the attorney." Dole v. Milonas, 889 F.2d 885,

---

[3] Plaintiff's argument that it was proper to contact and rely upon information from CW1 because he allegedly told Plaintiff that he was not represented is irrelevant. Plaintiff knows now that Mr. Adighije is and was represented by Mr. Blume and therefore should have consented to striking information from the CAC that Plaintiff now knows it should never have received. While a client can waive the attorney-client privilege, a represented party cannot talk to another lawyer without the consent of his or her counsel. See Colo. R. Prof. Conduct 4.2, Comment 3 (the no-contact rule "applies even though the represented person initiates or consents to the communication"); see also Parker v. Pepsi-Cola General Bottlers, Inc., 249 F. Supp. 2d 1006, 1010 (N.D. Ill. 2003) ("the represented party [cannot] waive the anti-contact rule and consent to communications outside the presence of his lawyer"). Plaintiff is also too sophisticated to claim that it did not know that Mr. Adighije was represented given that it knew that Mr. Adighije left the company shortly after the FDA/ICE executed its search warrant. (Opp. to Mot. to Strike, Ex. D); United States v. Franklin, 177 F. Supp. 2d 459, 467 (E.D. Va. 2001) (sophisticated counsel cannot rely upon layperson's opinion concerning whether someone is represented); Abeles v. State Bar of California, 510 P.2d 719, 721 (Cal. 1973) (not sufficient that person indicated that he was not represented).

888 n.5 (9th Cir. 1989); Int'l Tele-Marine Corp. v. Malone & Assocs., Inc., 845 F. Supp. 1427, 1433 (D. Colo. 1994). It is standard for a company to indemnify an employee or former employee under Delaware Corp. Code 145 without changing the nature of the attorney-client relationship between the employee and his or her counsel (and without creating any attorney-client relationship between the company and the attorney).

In short, the Court should strike the CAC or at least strike the allegations attributed to CW1 or based on information from CW1. Plaintiff tries to argue that Defendants have not satisfied the standards for a motion to strike because the information is not "redundant, immaterial, impertinent, or scandalous" but Defendants clearly have. Plaintiff has contacted and obtained information from a represented party and such conduct is clearly "scandalous" within the meaning of the rules governing the professional responsibilities of lawyers.[4]

## II.   The Court Should Discount Any Information Attributed To CW1 Because He Clearly Has An Axe To Grind Against Spectranetics.

Plaintiff's Opposition to the Motion to Strike also makes clear that the Court should discount any information attributed to CW1 as he clearly has an "axe to grind" against his former employer. Higginbotham v. Baxter Int'l, Inc., 495 F.3d 753, 757 (7th Cir. 2007); In re FX Energy, Inc. Sec. Litig., Nos. 2:07-CV-874 CW, 2:07-CV-938 DAK, 2:07-CV-966 DAK, 2009 WL 1812828, at *10 (D. Utah June 25, 2009).   Ms.

---

[4] Plaintiff's focus on attacking Defendants' motion based on its interpretation of the standards applicable to Federal Rule of Civil Procedure 12(f) is a red herring. Defendants could have brought their request to strike the CAC and/or the allegations attributed to or based upon information from CW1 as a motion for sanctions or similar motion. For the same reasons, Plaintiff's claim that Defendants should have brought the motion to strike at the same time as their motion to dismiss has no merit, and in any event, Plaintiff did not take the position that CW1 "had never been represented" by Gibson Dunn & Crutcher until December 7, 2009 which was after Defendants filed their motion to dismiss

6

Greenbaum's declaration seems to indicate that CW1 "express[ed] concern about potential retaliation from current management of the Company" despite the fact that he no longer works for the company. (Greenbaum, ¶ 6.) He apparently thinks that his counsel from Gibson Dunn & Crutcher are "harass[ing] him" (Greenbaum, ¶ 8) and he seemingly believes that Spectranetics is out to get him. In addition, if Ms. Greenbaum's declaration is accurate, CW1, in fits of apparent zeal to get back at his former employer, has not been truthful with Plaintiff because he has been represented by Mr. Blume and Gibson Dunn & Crutcher since October 2008. (Zelichov Decl., Ex. A; Ex. C attached hereto). In other words, CW1 does not seem beyond making up information about Spectranetics.

Plaintiff's effort to find corroboration for the information attributed to CW1 in the CAC falls flat. Plaintiff cannot look to Spectranetics' Form 8-K dated December 30, 2009 and related documents because, as discussed in Defendants' Statement of Supplemental Authority in Support of Defendants' Motion to Dismiss Lead Plaintiff's Consolidated Class Action Complaint [Docket No. 113], there is nothing in those documents to support Plaintiff's primary claim that Spectranetics promoted its products for the off-label treatment of ISR. There are no admissions in the Non-Prosecution Agreement ("NPA") between Spectranetics and the government concerning off-label promotion, and the NPA adds emphasis to the fact that Congress expressly determined that claims concerning whether a company unlawfully promoted its products for off-label uses should be left to the FDA and not to private plaintiffs.[5]  Indeed, the only potential

---

[5] Plaintiff tries to suggest in its Response to Defendants' Statement of Supplemental Authority in Support

support for the information attributed to CW1 in Spectranetics' settlement with the government relates to issues concerning FMD and BMT but, as discussed in the Motion to Dismiss and Reply, Spectranetics never made any statements about or tried to sell the FMD guidewires or BMT balloons. Plaintiff also did not have the information from the December 30, 2009 Form 8-K when it filed the CAC on August 4, 2009. Similarly, Plaintiff's reliance on alleged information from Scott Schlesinger and other CWs does not corroborate the information it attributes to CW1. All of these witnesses are former employees that may well "have axes to grind," Mr. Schlesinger clearly has an "axe to grind" as he sued Spectranetics, the Department of Labor rejected Mr. Schlesinger's claims, and the information attributed to the other CWs has no bearing on what Plaintiff attributes to CW1.[6]

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court strike the CAC; or, in the alternative, strike all parts of the CAC that discuss, rely upon,

---

of Their Motion to Dismiss that the NPA with the DOJ does not prevent the FDA from prosecuting Spectranetics for alleged off-label promotion of its products. (Plaintiff's Response to Defendants' Statement of Supplemental Authority in Support of Their Motion to Dismiss, at 4 [Docket No. 118].) Plaintiff's argument reflects a complete misunderstanding concerning the operation of the federal government. The FDA does not bring criminal claims; the FDA's criminal claims are brought by the DOJ on behalf of the United States of America; and therefore the NPA with the DOJ is a NPA with the FDA. In addition, the FDA is an agency within the United States Department of Health and Human Services ("HHS") and HHS released its civil claims against Spectranetics as part of the Settlement Agreement. (Defendants' Request for Judicial Notice in Conjunction with Statement of Supplemental Authority, Ex. 35 at Ex. 10.2 [Docket No. 114].)

[6] Plaintiff suggests that the Court should allow some discovery if it is going to grant this motion. Plaintiff, however, fails to acknowledge that the Private Securities Litigation Reform Act imposes a mandatory discovery stay during the pendency of any motion to dismiss and Plaintiff has made no effort to satisfy the standards for lifting such a stay. 15 U.S.C. 78u-4(b)(3)(B). Moreover, the only information relevant to this dispute – who is CW1 and Plaintiff's purported communications with CW1 – is within Plaintiff's possession.

or are based on information attributed to CW1.  Even if the Court does not grant this motion, it should dismiss the CAC for the reasons explained in Defendants' motion to dismiss.  Plaintiff does not have standing to assert its claims for securities fraud and Plaintiff has not alleged a duty to disclose, falsity, scienter, or loss causation regardless of its reliance on information from CW1.

Dated:  January 22, 2010

/s/ Richard H. Zelichov
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310-788-4400
Facsimile:   310-788-4471
Email:   bruce@kattenlaw.com

Counsel for Defendants
The Spectranetics Corporation,
Guy A. Childs, Emile Geisenheimer,
Jonathan W. McGuire, and
Craig M. Walker, M.D.

/s/ Stephen C. Schulte
WINSTON AND STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5890
Facsimile:   312-558-5700
Email:   sschulte@winston.com

Counsel for Defendant John G. Schulte

# EXHIBIT C

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado 80202-2694

Federal Taxpayer ID #

November 19, 2008

Invoice No. 2008112384

<u>REMITTANCE COPY</u>

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Obinna (Larry) Adighije

**REDACTED**

Colorado Springs, CO 80908-2388

<u>For Services Rendered and Costs/Charges Advanced Through October 31, 2008</u>

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| **TOTAL OUTSTANDING BALANCE DUE** | | | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: November 19, 2008

**Due and Payable Upon Receipt**

Invoice No. 2008112384

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado  80202-2694

Federal Taxpayer ID #

December 2, 2008

Invoice No. 2008120443

Obinna (Larry) Adighije

Colorado Springs, CO  80908-2388

**REDACTED**

**For Services Rendered and Costs/Charges Advanced Through November 30, 2008**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| **Totals** | $ | $ | $ |
| **Current Balance Due** | | | $ |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

| Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|
| 04939-00001 | 11/19/08 | 2008112384 | $ | $ | $ |
| **PREVIOUS BALANCE DUE** | | | | | $ |
| **TOTAL OUTSTANDING BALANCE DUE** | | | | | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA  90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No;
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA  90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: December 2, 2008

**Due and Payable Upon Receipt**

Invoice No. 2008120443

### GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Suite 4200
Denver, Colorado  80202-2694

Federal Taxpayer ID #

January 7, 2009

Invoice No. 2009010694

**REMITTANCE COPY**

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Obinna (Larry) Adighije

Colorado Springs, CO  80908-2388

**REDACTED**

**For Services Rendered and Costs/Charges Advanced Through December 31, 2008**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| **TOTAL OUTSTANDING BALANCE DUE** | | | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA  90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA  90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: January 7, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009010694

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado  80202-2694

Federal Taxpayer ID #

February 6, 2009

Invoice No. 2009021050

<u>REMITTANCE COPY</u>

To ensure proper crediting, please send this copy in the enclosed envelope.

Obinna (Larry) Adighije

**REDACTED**

Colorado Springs, CO  80908-2388

For Services Rendered and Costs/Charges Advanced Through January 31, 2009

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| **Totals** | $ | $ | $ |
| **TOTAL OUTSTANDING BALANCE DUE** |  |  | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA  90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA  90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: February 6, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009021050

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado 80202-2694

Federal Taxpayer ID #

March 9, 2009

Invoice No. 2009031270

<u>REMITTANCE COPY</u>

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Obinna (Larry) Adighije

**REDACTED**

Colorado Springs, CO 80908-2388

For Services Rendered and Costs/Charges Advanced Through February 28, 2009

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| **TOTAL OUTSTANDING BALANCE DUE** | | $ | |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: March 9, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009031270

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado 80202-2694

Federal Taxpayer ID #

April 3, 2009

Invoice No. 2009040523

<u>REMITTANCE COPY</u>

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Obinna (Larry) Adighije

**REDACTED**

Colorado Springs, CO 80908-2388

**For Services Rendered and Costs/Charges Advanced Through March 31, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| Current Balance Due |  |  | $ |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

| Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|
| 04939-00001 | 03/09/09 | 2009031270 | $ | $ | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: April 3, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009040523

## GIBSON, DUNN & CRUTCHER LLP
### 1801 California Street
### Suite 4200
### Denver, Colorado  80202-2694

### Federal Taxpayer ID #

### May 20, 2009

### Invoice No. 2009052470

### <u>REMITTANCE COPY</u>

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Obinna (Larry) Adighije

**REDACTED**

Colorado Springs, CO  80908-2388

**For Services Rendered and Costs/Charges Advanced Through April 30, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| Current Balance Due |  |  | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA  90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA  90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: May 20, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009052470

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado 80202-2694

Federal Taxpayer ID #

**June 10, 2009**

**Invoice No. 2009061587**

Obinna (Larry) Adighije

**REDACTED**

Colorado Springs, CO 80908-2388

**For Services Rendered and Costs/Charges Advanced Through May 31, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| **Totals** | $ | $ | $ |
| **Current Balance Due** | | | $ |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

| Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|
| 04939-00001 | 03/09/09 | 2009031270 | $ | $ | $ |
| 04939-00001 | 04/03/09 | 2009040523 | | | |
| 04939-00001 | 05/20/09 | 2009052470 | | | |

| | | |
|---|---|---|
| **PREVIOUS BALANCE DUE** | | $ |
| **TOTAL OUTSTANDING BALANCE DUE** | | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA. 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado 80202-2694

Federal Taxpayer ID #:

July 14, 2009

Invoice No. 2009071613

Obinna (Larry) Adighije

Colorado Springs, CO 80908-2388

**REDACTED**

**For Services Rendered and Costs/Charges Advanced Through June 30, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| **Totals** | $ | $ | $ |
| **Current Balance Due** | | | $ |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

| Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|
| 04939-00001 | 05/20/09 | 2009052470 | $ | $ | $ |
| 04939-00001 | 06/10/09 | 2009061587 | | | |
| **PREVIOUS BALANCE DUE** | | | | | $ |
| **TOTAL OUTSTANDING BALANCE DUE** | | | | | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: July 14, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009071613

**GIBSON, DUNN & CRUTCHER LLP**
**1801 California Street**
**Suite 4200**
**Denver, Colorado 80202-2694**

Federal Taxpayer ID #

September 4, 2009

Invoice No. 2009091047

Obinna (Larry) Adighije

**REDACTED**

Colorado Springs, CO 80908-2388

**For Services Rendered and Costs/Charges Advanced Through August 31, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| Current Balance Due |  | $ | |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

| Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|
| 04939-00001 | 06/10/09 | 2009061587 | $ | $ | $ |
| 04939-00001 | 07/14/09 | 2009071613 | | | |
| 04939-00001 | 08/10/09 | 2009081304 | | | |
| | PREVIOUS BALANCE DUE | | | | $ |
| | TOTAL OUTSTANDING BALANCE DUE | | | | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: September 4, 2009

Invoice No. 2009091047

**Due and Payable Upon Receipt**

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado  80202-2694

Federal Taxpayer ID #

October 7, 2009

Invoice No. 2009101012

Obinna (Larry) Adighije

Encinitas, CA  92024-3817

**REDACTED**

---

**For Services Rendered and Costs/Charges Advanced Through September 30, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| **Totals** | $ | $ | $ |
| **Current Balance Due** |  |  | $ |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

|  | Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|---|
| *** | 04939-00001 | 07/14/09 | 2009071613 | $ | $ | $ |
| *** | 04939-00001 | 08/10/09 | 2009081304 |  |  |  |
| *** | 04939-00001 | 09/04/09 | 2009091047 |  |  |  |

**PREVIOUS BALANCE DUE**    $

**TOTAL OUTSTANDING BALANCE DUE**    $

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA  90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA  90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: October 7, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009101012

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado  80202-2694

Federal Taxpayer ID #

November 4, 2009

Invoice No. 2009110496

<u>REMITTANCE COPY</u>

**To ensure proper crediting, please send this copy in the enclosed envelope.**

Obinna (Larry) Adighije

Encinitas, CA  92024-3817

**REDACTED**

For Services Rendered and Costs/Charges Advanced Through October 31, 2009

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| TOTAL OUTSTANDING BALANCE DUE |  |  | $ |

<u>Remit By Wire To:</u>
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA  90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

<u>Remit By Mail To:</u>
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA  90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: November 4, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009110496

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado  80202-2694

Federal Taxpayer ID #

December 4, 2009

Invoice No. 2009121759

Obinna (Larry) Adighije

Encinitas, CA 92024-3817

**REDACTED**

**For Services Rendered and Costs/Charges Advanced Through November 30, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| Totals | $ | $ | $ |
| Current Balance Due | | | $ |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

| Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|
| 04939-00001 | 11/04/09 | 2009110496 | $ | $ | $ |
| PREVIOUS BALANCE DUE | | | | | $ |
| TOTAL OUTSTANDING BALANCE DUE | | | | | $ |

**Remit By Wire To:**
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA  90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

**Remit By Mail To:**
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA  90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: December 4, 2009

**Due and Payable Upon Receipt**

Invoice No. 2009121759

**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street
Suite 4200
Denver, Colorado 80202-2694

Federal Taxpayer ID #

January 7, 2010

Invoice No. 2010010750

Obinna (Larry) Adighije

**REDACTED**

Encinitas, CA 92024-3817

**For Services Rendered and Costs/Charges Advanced Through December 31, 2009**

|  | Services Rendered | Costs/ Charges | Totals |
|---|---|---|---|
| 04939-00001 | $ | $ | $ |
| **Totals** | $ | $ | $ |
| **Current Balance Due** |  |  | $ |

**PREVIOUS INVOICE STATEMENT BALANCES OUTSTANDING:**

| Matter | Invoice Date | Invoice No. | Services | Costs | Balance Due |
|---|---|---|---|---|---|
| 04939-00001 | 11/04/09 | 2009110496 | $ | $ | $ |
| 04939-00001 | 12/04/09 | 2009121759 |  |  |  |
| **PREVIOUS BALANCE DUE** |  |  |  |  | $ |
| **TOTAL OUTSTANDING BALANCE DUE** |  |  |  |  | $ |

<u>**Remit By Wire To:**</u>
Wells Fargo Bank
333 South Grand Avenue
Los Angeles, CA 90071-1515
Name of account: Gibson, Dunn & Crutcher LLP
Account No:
ABA No:
Attn: Mario Prego, Telephone: (213) 229-7253
*Please include the client number and the proper attorney to notify in the wire instructions.*

<u>**Remit By Mail To:**</u>
Gibson, Dunn & Crutcher LLP
Department 0723
Los Angeles, CA 90084-0723

Please enclose the remittance copy of this invoice with your payment in the enclosed Reply Envelope to ensure proper credit.

Please note that payments received after the invoice date are not reflected.
If you have any questions, please call Terri Bono, GD&C at 213-229-7528.

Invoice Date: January 7, 2010

Invoice No. 2010010750

**Due and Payable Upon Receipt**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 22nd day of January, 2010, I electronically filed the foregoing:

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses, and I hereby certify that I have caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated without e-mail addresses on the list below.

/s/ Richard H. Zelichov

Jeffrey A. Berens
Dyer & Berens LLP
682 Grant Street
Denver, CO 80203-3507
Telephone: (303) 861-1764
Fax: (303) 395-0393
Email: jeff@dyerberens.com
jeffreyberens@comcast.net
Atty for: Ted Karkus (interested party)

David A.P. Brower
Jessica Sleater
Brower Piven,
  A Professional Corporation
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 501-9000
Fax: (212) 501-0300

Reed R. Kathrein
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 725-3000
Fax: (510) 725-3001
Email: reed@hbsslaw.com
Atty for: Robert Dickson (interested party)

Christopher J. Keller
David J. Goldsmith
Alan I. Ellman
Stefanie J. Sundel
Labaton Sucharow LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
Email: aellman@labaton.com
Atty for: Genesee Cty. Employees Retirement
System (consol plaintiff)

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: 206-623-7292
Fax: 206-623-0594
Email: berman@hbsslaw.com
Atty for: Robert Dickson (interested party)

Robert B. Carey
The Carey Law Firm
2301 East Pikes Peak
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Fax: (719) 635-2920
Email: rcarey@careylaw.com
rcarey@hbsslaw.com
Atty for: Robert Dickson (interested party)

John F. Head
Head & Associates, P.C.
1860 Blake Street #300
Denver , CO 80202
Telephone: 303-623-6000
Fax: 303-623-4211
Email: jfhead@headlawyers.com
Atty for: Louis Lee Posner (interested party)

Sean Handler
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Fax: (610) 667-7056

Charles J. Piven
Yelena Trepetin
Brower Piven
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Fax: (410) 685-1300
Email: Piven@browerpiven.com
Atty for: Peter Tortora (interested party)

Kip Brian Shuman
Rusty Evan Glenn
The Shuman Law Firm
885 Arapahoe Avenue
Boulder, CO 80302
Telephone: (303) 861-3003
Fax: (303) 484-4886
Email: kip@shumanlawfirm.com
Email: rusty@shumanlawfirm.com
Atty for: Max Hancook, plaintiff; Genesee Cty.
Employees Retirement System, consol plaintiff,
interested party; Peter Tortora, interested party; Wayne
Cty Employees' Retirement System, interested party

David J. Goldsmith
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile:    (212) 818-0477
Email: dgoldsmith@labaton.com
Atty for: Genesee Cty Employees Retirement
System (consol plaintiff)

Darren J. Robbins
Matthew P. Montgomery
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
Atty for: Ted Karkus (interested party)

Stephen C. Schulte
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
Facsimile:  312-558-5700
Email: sschulte@winston.com
Email: wdobie@winston.com
Atty for: John G. Schulte (defendant)