FILED
United States Court of Appeals
Tenth Circuit

January 27, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

TED KARKUS,

    Petitioner.

No. 09-1500
(D.C. No. 1:08-CV-02048-REB-KLM)
(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **BRISCOE**, and **GORSUCH**, Circuit Judges.

---

Ted Karkus requests a writ of mandamus vacating the district court's June 15, 2009, order that denied his motion to serve as lead plaintiff in a putative securities class action lawsuit against The Spectranetics Corporation and appointed the Spectranetics Investor Group (SIG) instead. Because Karkus has failed to show a clear and indisputable right to the writ, we deny the petition.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1186 (10th Cir. 2009) (quotation marks and citation omitted). Accordingly, we will issue the writ "only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." Id. (quotation marks omitted). The petitioner must show that he has "no

other adequate means to attain [] relief" and "that his right to the writ is clear and indisputable." Id. at 1187 (quotation marks omitted). In exercising our discretion, we must also "be satisfied that the writ is appropriate under the circumstances." Id. (quotation marks omitted).

Mandamus relief may be appropriate under certain circumstances to vacate lead-plaintiff appointments made in disregard of the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(a)(3). See In re Cavanaugh, 306 F.3d 726, 729-32, 739 (9th Cir. 2002) (issuing writ where district court departed from sequential analysis mandated by PSLRA). But Karkus has failed to convince us that the district court's appointment of the SIG as lead plaintiff in this case either ignored the mandates of the PSLRA or otherwise constituted a gross abuse of discretion justifying issuance of the writ. The district court denied Karkus's motion because he failed to demonstrate that he personally holds the largest financial stake in the outcome of this case.[1] Rejecting Karkus's attempt to claim for himself the losses suffered by his personal investment vehicle, Forrester Financial, LLC, the court held it was unclear whether Karkus would have standing to assert claims stemming from Forrester's losses. In reaching this

---

[1] Under the PSLRA, a district court must appoint as lead plaintiff the class member that it "determines to be *most capable* of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). "The 'most capable' plaintiff–and hence the lead plaintiff–is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." Cavanaugh, 306 F.3d at 729 (footnote omitted).

conclusion, the court distinguished <u>Grubb v. Federal Deposit Insurance Corporation</u>, 868 F.2d 1151 (10th Cir. 1989), which held that a shareholder had standing to assert claims for his company's losses because he had shown he was the true party at risk in the challenged transaction. Seizing on a cautionary footnote in <u>Grubb</u>, the district court held that Karkus's position as sole shareholder of Forrester was not, by itself, sufficient to confer Article III standing upon him individually. And it found that other factors in this case counseled against combining Karkus's losses with Forrester's for purposes of determining Karkus's financial interest under the PSLRA.

While this conclusion was based on an extremely narrow interpretation of <u>Grubb</u>, we are not prepared to say that the district court's decision was an abdication of its judicial function or "such a *gross* abuse of discretion as to warrant the issuance of the writ." <u>Cooper Tire</u>, 568 F.3d at 1186-87 (quotation marks omitted). Accordingly, Karkus has not shown that his right to the writ is clear and indisputable. His petition is, therefore, DENIED.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

09-1500, In re Spectranetics.

KELLY, Circuit Judge, dissenting.

The presumptive lead plaintiff in this action is the one who "has the largest financial interest in the relief sought by the class" and can otherwise satisfy the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) & (cc). The objective is to secure the lead plaintiff best able to represent the class. 15 U.S.C. § 77z-1(a)(3)(B)(i). The lead plaintiff selects class counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v).

The district court was required to "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002). This should be a straightforward requirement. Cohen v. U.S. Dist. Ct., 586 F.3d 703, 709 (9th Cir. 2009). Mr. Karkus has claimed losses of approximately $1.26 million, more than twice that of the three-member group that became the lead plaintiff.

The district court reasoned that because Mr. Karkus and his investment vehicle, Forrester Financial, LLC, are separate legal entities, Mr. Karkus could not aggregate Spectranetics stock losses. Yet Mr. Karkus is the sole officer, beneficiary, member, owner, manager and employee of Forrester and all of Forrester's operations, including stock losses, flow through Mr. Karkus's tax return. Petition at 8 n.5, 16, 19-20. The statute merely requires Mr. Karkus to have "the largest financial interest in the relief sought by the class." He certainly

appears to.[2] The district court's focus on the legal separation of Mr. Karkus and Forrester Financial, LLC, and insistence that Mr. Karkus disaggregate the losses is inconsistent with the statute as well as Grubb v. FDIC, 868 F.2d 1151, 1162 (10th Cir. 1989), where we indicated that a court should look at transactions realistically, particularly given the remedial purpose of the securities laws. See also Norris v. Wirtz, 719 F.2d 256, 259-61 (7th Cir. 1983) (trust beneficiary had section 10(b) and Rule 10b-5 standing); Kirshner v. United States, 603 F.2d 234, 240 (2d Cir. 1979) (same). Given rather specific statutory requirements for appointment of a lead plaintiff and selection of class counsel, courts have granted mandamus relief when those requirements are not followed. See Cohen, 586 F.3d at 710; Cavanaugh, 306 F.3d at 739. Mr. Karkus appears to have no other adequate means to secure relief; though he could perhaps raise this issue on appeal, by then it would be too late given litigation conducted by another lead plaintiff and its choice of counsel. The district court's order is difficult to reconcile with the statute which speaks to "financial interest" and we have rejected the same type of technical construction found here in Grubb. The issue

---

[2] The district court's suggestion that Mr. Karkus should have sought to have Forrester appointed as a co-lead plaintiff appears inconsistent with the statute which speaks of a lead plaintiff, although the lead plaintiff may be an individual or a group. Cohen, 586 F.3d at 711 n.4. Moreover, Mr. Karkus indicated that he was certifying the qualifying transactions individually and as sole officer and beneficiary of Forrester. Although with 20-20 hindsight, Mr. Karkus might have moved to be appointed as part of a group including himself and Forrester, this is plainly a form over substance argument.

is important given the effort to ensure consistent application of the PSLRA. I would grant the writ and respectfully dissent.

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | January 27, 2010 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Jeffrey A. Berens
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203

Mr. Robert J. Dyer III
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203

Mr. Henry Rosen
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-0000

Mr. Trig Randall Smith
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-0000

**RE:**   **09-1500, In re: Spectranetics Corp, et al**
Dist/Ag docket: 1:08-CV-02048-REB-KLM, 1:08-CV-02055-REB-KLM, 1:08-CV-02078-REB/KLM, 1:08-CV-02267-REB-KLM, 1:08-CV-02420-REB/KLM, 1:08-CV-02603-REB/KLP

Dear Counsel:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc: David A.P. Brower
Robert B. Carey
W. Gordon Dobie
Jonathan Gardner
Rusty Evan Glenn
Mark S. Goldman
David J. Goldsmith
John F. Head
Reed R. Kathrein
Charles J. Piven
Steven C. Schulte
Kip Brian Shuman
Bruce G. Vanyo
Carol C. Villegas
Marisa Gayle Westervelt
Richard H. Zelichov

EAS/sds