IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-02048-REB-KLM

(Consolidated with Civil Action Nos. 08-cv-02055-REB-KLM, 08-cv-02078-REB-KLM, 08-cv-02267-REB-KLM, 08-cv-02420-REB-KLM, and 08-cv-02603-REB-KLM)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND APPROVING THE FORM AND MANNER OF NOTICE**

**Blackburn, J.**

This matter is before me on the **Unopposed Joint Motion for Preliminary Approval of Proposed Class Settlement and Memorandum in Support Thereof** [#149][1] filed September 7, 2010. The Court has received the **Stipulation of Settlement** (the "Stipulation") [#148], dated as of September 7, 2010, that has been entered into by the Settling Class Action Plaintiff,[2] on behalf of itself and the Settlement Class Members, on the one hand, and Settling Class Action Defendants, on the other hand. The Court has reviewed the Stipulation and its attached exhibits, and, good cause appearing,

**IT HEREBY IS ORDERED** as follows:

1. The Court, for purposes of this preliminary order (the "Notice Order"), adopts all defined terms as set forth in the Stipulation (unless such terms are otherwise defined herein).

---

[1] "[#149]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] All terms defined in the Stipulation have the same meaning herein unless otherwise indicated.

2. The Court hereby certifies, for purposes of effectuating this Settlement, a settlement class of all Persons that purchased or otherwise acquired the common stock of The Spectranetics Corporation ("Spectranetics") from March 16, 2007 to September 4, 2008, inclusive (the "Settlement Class"). Excluded from the Settlement Class are Settling Class Action Defendants and their corporate affiliates; any officers or directors of Spectranetics; members of their immediate families, and their heirs, successors, and assigns. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency of Class Action and Proposed Settlement ("Notice") to be sent to the Settlement Class.

3. For purposes of the Settlement only, the Court hereby appoints the Settling Class Action Plaintiff as the representative of the Settlement Class. The Court also appoints Settling Class Action Plaintiff's Counsel as counsel for the Settlement Class. Settling Class Action Plaintiff's Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be done pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the proposed settlement as set forth in the Stipulation.

4. With respect to the Settlement Class, this Court expressly finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Settling Class Action Plaintiff are typical of the claims of the Settlement Class; (d) the Settling Class Action Plaintiff and Settling Class Action Plaintiff's Counsel have fairly and adequately represented and protected the interests of all of the

Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Class Action. Except to effectuate the Settlement, neither the Settlement Class Action Parties, their respective counsel, nor any Settlement Class Member shall cite, present as evidence or legal precedent, rely upon, make reference to or otherwise make any use whatsoever of the stipulated certification of the Settlement Class, in this Class Action or in any other proceeding.

5. The Court preliminarily approves: (1) the settlement of the Class Action as set forth in the Stipulation and (2) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation, the proposed Plan of Allocation or the fairness and adequacy of their representation by Settling Class Action Plaintiff's Counsel, and to show cause, if any exists, why a final judgment dismissing the Class Action based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

6. The Court approves as to form and content, and for distribution to Settlement Class Members, or for publication (as ordered below): (a) the Notice substantially in the form of Exhibit 1 hereto; (b) the Proof of Claim and Release substantially in the form of Exhibit 2 hereto; and (c) the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form of Exhibit 3 hereto. When distributed to

Settlement Class Members, Exhibit 1, Exhibit 2, and Exhibit 3 must include the dates and deadlines specified in this order at the appropriate points in each of the three exhibits.

7. Pending the resolution of these settlement proceedings, Settling Class Action Plaintiff and all other potential Settlement Class Members, whether or not such persons have appeared in the Class Action and whether or not such potential Settlement Class Members request exclusion or have requested exclusion from the Settlement Class, are hereby enjoined from instituting, prosecuting, asserting or continuing to prosecute, whether directly, representatively, or in any other capacity, any of the Released Claims by Settling Class Action Plaintiff against the Released Class Action Defendants.

8. Settling Class Action Plaintiff's Counsel is hereby authorized to retain the firm of Rust Consulting as Claims Administrator to supervise and administer the notice and claims procedures. The Claims Administrator, subject to such supervision of the Court as may be necessary or as circumstances may require, shall provide notice to the Settlement Class Members and administer the processing of Proof of Claim and Release forms. The Claims Administrator is authorized, *inter alia,* to mail and distribute the Notice to Settlement Class Members; arrange for internet publication of the Summary Notice; reimburse nominal holders for reasonable expenses in locating Settlement Class Members and distributing the Notice; receive, evaluate and calculate Proofs of Claim and supporting documents; communicate with Settlement Class Members regarding their claims; and perform such additional functions as are provided for in the Stipulation. The Claims Administrator shall be compensated as provided for in the Stipulation.

9. Spectranetics shall arrange for production of its common stock transfer

records for the Settlement Class Period to the Claims Administrator.

10. No later than **September 24, 2010** (the "Notice Date"), the Claims Administrator will send the Notice and the Proof of Claim by first class mail to all Settlement Class Members who appear on the foregoing transfer records of Spectranetics.

11. Pursuant to the Notice, each nominee shall either: (1) send the Notice and Proof of Claim to Settlement Class Members for which they act as nominee by first class mail within ten (10) days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Settlement Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees out of the Settlement Consideration solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Settling Class Action Plaintiff's Counsel shall file with the Court and serve upon Settling Class Action Defendants' Counsel no later than seven (7) days prior to the Settlement Hearing an affidavit or declaration describing the efforts taken to comply with this order and stating that the mailings have been completed in accordance with the terms of this order.

12. Within ten (10) business days, fifteen (15) business days and twenty (20) business days following the Notice Date, Settling Class Action Plaintiff's Counsel shall

cause issuance of the Summary Notice substantially in the form of Exhibit 3 hereto by publication over the *Business Wire*. Settling Class Action Plaintiff's Counsel shall file with the Court and serve upon Settling Class Action Defendants' counsel no later than seven (7) days prior to the Settlement Hearing an affidavit or declaration stating that the Summary Notice has been distributed in accordance with the terms of this order.

13. The Court finds that dissemination of the Notice and Proof of Claim in the manner required by ¶¶ 10 – 11 herein, and distribution of the Summary Notice in the manner required by ¶ 12 herein (a) constitute the best notice practicable under the circumstances to Settlement Class Members, (b) meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the due process clause of the United States Constitution, and all other applicable laws, and (c) constitute due and sufficient notice to all Persons entitled thereto.

14. Any Settlement Class Member may request exclusion from the Settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **November 23, 2010**. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Spectranetics common stock made during the Settlement Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase or sale, and provide documentation thereof; and (3) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Consideration, and shall not be bound by or benefit from the Stipulation, the Judgment or any release given by

any of the Settlement Class Action Parties.

15. Any Settlement Class Member who has not timely and properly requested to be excluded from the Settlement Class may object to the Settlement, the proposed Plan of Allocation, or the application by Settling Class Action Plaintiff's Counsel for attorneys' fees, costs, and expenses, and shall have a right to appear and be heard at the Settlement Hearing. Any Settlement Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense or may appear on their own. However, no Settlement Class Member shall be heard at the Settlement Hearing unless, on or before **November 23, 2010**, such Person has filed with the Court a written notice of objection, and the grounds for objecting to any of the foregoing matters along with documentation evidencing membership in the Settlement Class, including the number of shares of Spectranetics common stock purchased and sold during the Settlement Class Period, and delivered a copy to the following counsel:

Mark S. Goldman
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Fax: 212-818-0477

Richard H. Zelichov
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310-788-4400
Facsimile: 310-788-4471

Charles J. Piven
BROWER PIVEN
A PROFESSIONAL CORPORATION
1925 Old Valley Road
Stevenson, Maryland 21153
Telephone: (410) 332-0030

Stephen C. Schulte
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5890
Facsimilie: 312-558-5700

Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

16. The Court authorizes payment out of the Settlement Consideration of the expenses described in ¶ 8.2 of the Stipulation.

17. A Settlement Hearing will be held on **January 21, 2011, at 2:30 p.m.** before this Court to determine whether the proposed settlement of the Class Action as set forth in the Stipulation, should be approved as fair, reasonable and adequate as to the members of the Settlement Class; whether the Judgment approving the Settlement should be entered; whether Settling Class Action Plaintiff's Counsel's proposed Plan of Allocation of the Settlement Consideration should be approved; and whether the application of Settling Class Action Plaintiff's Counsel for an award of attorneys' fees, costs, and expenses should be approved.

18. The Court may adjourn or continue the Settlement Hearing without further notice to Settlement Class Members.

19. The passage of title and ownership of the Settlement Consideration to the Escrow Agents in accordance with the terms of the Stipulation is approved. No Person

that is not a Settlement Class Member or Settling Class Action Plaintiff's Counsel shall have any right to any portion of, or any distribution from, the Settlement Consideration unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20. All funds held by the Escrow Agents shall be deemed and considered to be *in custodia legis* of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court, consistent with the terms of the Stipulation.

21. No later than **February 21, 2011**, any Settlement Class Member who wishes to participate in the Settlement Consideration must submit a valid Proof of Claim form to the Claims Administrator. Proof of Claim forms shall be deemed to have been submitted when postmarked, if mailed by first class, or by registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim and Release. All other Proof of Claim and Release forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Class Action Defendants as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. All Settlement Class Members who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement Consideration absent order of the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

22. If prior to the Settlement Hearing, Persons who otherwise would be

Members of the Settlement Class have filed with the Court valid and timely Requests for Exclusion from the Settlement Class in accordance with the provisions of this Notice Order and the Notice given pursuant thereto, and such Persons have in the aggregate Potential Claims that equal or exceed the sum specified in the separate Supplemental Agreement between the Parties which has not been filed with the Court, Spectranetics shall have the option to terminate the Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The existence of the Supplemental Agreement and Spectranetics' rights to terminate the Settlement pursuant thereto shall be referenced in the Notice without disclosure of its terms. Pursuant to the Private Securities Litigation Reform Act of 1995, § 27(a)(2)(B)(5), this Court finds that good cause has been shown for not filing the Supplemental Agreement, which shall be filed under seal only if a dispute among the Settling Class Action Parties arises concerning its interpretation or application.

23. Neither Settling Class Action Defendants nor Settling Class Action Defendants' Counsel shall have any responsibility for, or any liability with respect to the Plan of Allocation or the allocation, management, disposition, computation, or distribution of the Settlement Consideration, and the Plan of Allocation will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24. No later than **January 5, 2011**, all briefs supporting the Settlement, the Plan of Allocation, the request for attorneys' fees and costs, and/or the request for any compensation to Settling Class Action Plaintiff, shall be served and filed. No later than **January 5, 2011**, all papers in response to objections to the Settlement, the Plan of Allocation, the request for attorneys' fees and costs, and/or the request for any

compensation to Settling Class Action Plaintiff shall be served and filed.

25. In the event that the Plan of Allocation is not approved by the Court, Settling Class Action Plaintiff may propose an amended Plan of Allocation without further notice of the amended Plan, unless a Settlement Class Member requests in writing such notice, which request shall be sent to the Claims Administrator no later than **January 31, 2011**.

26. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim by Settling Class Action Parties, or of any wrongdoing or liability of the Released Class Action Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Class Action Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

27. All proceedings in the Class Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

28. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Dated September 13, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge