IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-02048-REB-KLM

(Consolidated with Civil Action Nos. 08-cv-02055-REB-KLM, 08-cv-02078-REB-KLM, 08-cv-02267-REB-KLM, 08-cv-02420-REB-KLM, and 08-cv-02603-REB-KLM)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION

## ORDER DENYING MOTION TO LIFT STAY AND DENYING MOTION TO CONSOLIDATE

**Blackburn, J.**

This matter is before me on (1) the **Defendants' Motion for Consolidation [Corrected]** [#137][1] filed June 17, 2010; and (2) **Motion to Vacate Paragraph 7 of the Order Preliminary Approving Settlement and Allow Opt-out Plaintiffs to Proceed with Their Pending Individual Action, Vagle V. Spectranetics, Case No. 1: 10 - cv - 01249 - MSK - MEH, And Request for Expedited Disposition** [#154] filed September 15, 2010. Both motions have generated responses [#140 & #162] and replies [#141 & #163]. I deny both motions.

## I. MOTION TO LIFT STAY

This case is a consolidated class action case concerning claims of securities fraud against Spectranetics Corporation and others. On May 3, 2010, the defendants and the lead plaintiff for the putative plaintiff class filed a **Notice of Settlement** [#135], indicating that an agreement-in-principle to settle this case had been reached. On

---

[1] "[#137]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

September 7, 2010, the lead plaintiff and the defendants filed a motion for preliminary approval of class settlement [#149]. On September 13, 2010, I entered an **Order Preliminarily Approving the Settlement and Approving the Form and Manner of Notice** [#152]. That order certifies a class of plaintiffs for purposes of the proposed settlement. The order includes a provision enjoining potential members of the settlement class from "instituting, prosecuting, asserting or continuing to prosecute" any of the claims at issue in the above-captioned case. *Order* [#152], ¶ 7.

On May 28, 2010, 25 days after the **Notice of Settlement** [#135] was filed, Marshall Vagle, Ted Karkus, and Forrester Financial, LLC, filed a complaint asserting several similar or identical claims of securities fraud against Spectranetics and others. *Vagle, et al. v. Spectranetics Corp., et al.*, Civil Action No. 10-cv-01249-MSK-MEH, complaint [#1], filed May 28, 2010. Some of the claims asserted in the Vagle case are not asserted in the above captioned case. Based on my review of the claims asserted by Vagle, Karkus, and Forrester Financial in the Vagle case, I conclude that Vagle, Karkus and Forrester Financial are members of the settlement class in the above-captioned case.

Notably, Ted Karkus, a plaintiff in the Vagle case, sought appointment as the lead plaintiff in this consolidated class action case. I denied Karkus's motion for appointment as lead plaintiff and his motion to reconsider my denial of that motion. *Order*, [#55] filed June 15, 2009; *Order* [#106] filed November 19, 2009.

In their motion to vacate [#154], Vagle, Karkus, and Forrester Financial ask that the stay imposed in paragraph seven of my **Order Preliminarily Approving the Settlement and Approving the Form and Manner of Notice** [#152] be lifted to the extent necessary to permit Vagle, Karkus, and Forrester Financial to continue to

2

prosecute the claims they assert in the Vagle case, 10-cv-01249-MSK-MEH. It appears that Vagle, Karkus, and Forrester Financial intend to opt out of the plaintiff class in the above captioned case and to pursue their claims in the Vagle case. However, there is no indication in the record that they have opted out of the plaintiff class in the above-captioned case.

On the current record, I conclude that there is not sufficient reason to lift the existing stay on litigation of claims at issue in this case by members of the plaintiff class, who are plaintiffs in a separate case, the Vagle case, 10-cv-01249-MSK-MEH. Currently, the three plaintiffs in the Vagle case also are members of the plaintiff class in this case. In this case, their claims are proceeding on a track toward settlement. In the Vagle case, their claims are proceeding on a different track, a track that currently leads toward active litigation of those and other claims. Until Vagle, Karkus, and Forrester Financial explicitly have chosen one track over the other, the purposes of judicial efficiency are served by continuing the extant stay of further proceedings in the Vagle case, 10-cv-01249-MSK-MEH, while the proposed settlement in the above captioned case proceeds toward a settlement hearing. It readily is conceivable that the circumstances relevant to the existing stay will change. Therefore, the motion to lift the stay is denied without prejudice to its renewal if the relevant circumstances change.

## II. MOTION TO CONSOLIDATE

Under FED. R. CIV. P. 42(a), the court may consolidate cases involving common questions of law or fact. Although this case and the Vagle case, *Vagle, et al. v. Spectranetics Corp., et al.*, Civil Action No. 10-cv-01249-MSK-MEH, have many issues of fact and law in common, the two cases are in substantially different postures. The above-captioned case is a consolidated class action, which currently is proceeding

toward a settlement between the plaintiff class and the defendants. On the other hand, the Vagle case is a newly filed case brought by three plaintiffs. The Vagle case is not currently proceeding toward settlement. Rather, the plaintiffs seek to pursue discovery in the Vagle case, and the defendants indicate that they soon will file a motion to dismiss the plaintiffs' claims in that case. Given the different postures of these two cases, I conclude that consolidation of these cases would not create substantial efficiencies in the administration of these cases. Thus, the motion to consolidate will be denied.

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion for Consolidation [Corrected]** [#137] filed June 17, 2010, is **DENIED**; and

2. That the **Motion to Vacate Paragraph 7 of the Order Preliminary Approving Settlement and Allow Opt-out Plaintiffs to Proceed with Their Pending Individual Action, Vagle V. Spectranetics, Case No. 1: 10 - cv - 01249 - MSK - MEH, And Request for Expedited Disposition** [#154] filed September 15, 2010, is **DENIED** without prejudice to its renewal if the relevant circumstances change.

Dated October 8, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge