**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-02048-REB-KLM

(Consolidated with Civil Action Nos. 08-cv-02055-REB-KLM, 08-cv-02078-REB-KLM, 08-cv-02267-REB-KLM, 08-cv-02420-REB-KLM, and 08-cv-02603-REB-KLM)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION

---

## ORDER AWARDING ATTORNEY FEES AND EXPENSES

---

**Blackburn, J.**

This matter is before the Court on the **Unopposed Motion in Support of Plaintiff's Request for an Award of Attorney's Fees and Reimbursement of Expenses and Memorandum in Support Thereof** [#168][1] filed November 10, 2010. The court has considered all papers filed and proceedings conducted herein, and otherwise is fully informed in the premises.  The motion is granted.

1. All of the capitalized terms used herein shall have the same meanings as set forth in the **Stipulation of Settlement** [#148] (the "Stipulation") dated September 7, 2010.  This Court has jurisdiction over the subject matter of this application and all matters relating thereto.

2. This Court has jurisdiction to enter this Order awarding attorneys' fees and litigation expenses and over the subject matter of the Consolidated Complaint and all parties to the consolidated Action including all Class Members.

3. Lead Counsel is entitled to a fee paid out of the common fund created for the

---

[1]   "[#168]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

benefit of the Class. ***Boeing Co. v. Van Gemert***, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. ***Blum v. Stenson***, 465 U.S. 886, 900 n.16 (1984) (dictum). The Tenth Circuit recognizes the propriety of the percentage-of-the fund method when awarding fees. ***See Rosenbaum v. MacAllister***, 64 F.3d 1439, 1445 (10th Cir. 1995).

4.  This case is controlled by the Private Securities Litigation Reform Act of 1995 (PSLRA).  The PSLRA provides that the "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class."  15 U.S.C. § 78u-4(a)(6).  This provision is consistent with case law adopting the common fund doctrine.  Under the common fund doctrine, attorneys who pursue litigation on behalf of a class, and whose efforts create a common fund for the benefit of the class, are entitled to an award of attorney fees from the common fund.  ***See, e.g., Brown v. Phillips Petroleum Co.***, 838 F.2d 451, 454 (10th Cir. 1988).  This ensures that the fund's beneficiaries share in the cost of creating the fund.  ***Id***.

5. Notice of Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and litigation expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Lead Counsel has moved for an award of attorney fees of 28% of the gross Settlement Fund, or 2,380,000 dollars, plus interest at the same rate as that earned by the gross Settlement Fund. Lead Counsel's fee and expense application has the support of Lead Plaintiff.

7. This Court concludes that the percentage-of-recovery is appropriate for awarding attorneys' fees in this Action and hereby adopts said method for purposes of this Action.

8. The Court finds that a fee award of twenty-eight percent (28%) of the gross Settlement Fund is consistent with awards made in similar cases. ***See, e.g., McNeely v. Nat'l Mobile Health Care, LLC***, No. 07-933, 2008 U.S. Dist. LEXIS 86741, at *46 (W.D. Okla. Oct. 27, 2008) ("Fees in the range of at least one-third of the common fund are frequently awarded in class action cases of this general variety.").

9. Accordingly, the Court hereby awards attorney fees of twenty-eight percent (28%) of the gross Settlement Fund, or 2,380,000 dollars, plus interest at the same rate as that earned by the Settlement Fund.  The Court finds the fee award to be fair and reasonable. Said fees shall be allocated among Lead Counsel in a manner in which they believe reflects each counsel's contribution to the prosecution and resolution of the Action.

10. In making this award of attorneys' fees and expenses, the Court has analyzed the factors considered within the Tenth Circuit as set forth in ***Gottlieb v. Barry***, 43 F.3d 474 482 n.4 (10th Cir. 1994) (***citing Johnson v. Georgia Highway Express, Inc.***, 488 F.2d 714, 717-19 (5th Cir. 1974). In evaluating these factors, the

Court finds that:

    a) Lead Counsel has conferred a substantial benefit to the Class.

    b) Lead Counsel has expended considerable time and labor over the course of the Action investigating, analyzing and prosecuting the claims. This is evidenced by the Lead Counsel's practice before the Court and Lead Counsel's representations that they have: thoroughly investigated the claims asserted; researched and drafted pleadings; litigated two motions to dismiss; interviewed numerous witnesses with knowledge of the facts contained in the pleadings; obtained and reviewed filings with Securities and Exchange Commission ("SEC"), as well as press releases and other pertinent documents; thoroughly researched the law relevant to the claims against Defendants; litigated a motion to strike certain confidential informant allegations; developed extensive factual and damages analyses in consultation with Plaintiff's expert; engaged in arm's length settlement negotiations, including a mediation before United States District Judge, the Honorable Nicholas H. Politan, (Ret.), and advocated for a substantial settlement for the Class. The services provided by Lead Counsel appear to have been successful and efficient, resulting in an outstanding recovery for the Class without the substantial expense, risk, and delay of continued litigation and trial.  Such efficiency and effectiveness supports the requested fee percentage.

    c) In this contingent litigation, Lead Counsel faced considerable risks of no recovery throughout the litigation, given, among other things, Defendants' scienter, loss causation and damages defenses.

d) This Action required skill and raised novel and complex issues relating to, among other things, proving securities fraud based on false and misleading statements made in connection with Spectranetics compliance with FDA rules and regulations. Also, cases brought under the federal securities laws are notoriously difficult and uncertain. Such cases are often seen as undesirable.  Despite the novelty and difficulty of the issues raised, Lead Counsel secured an excellent result for the Class.

e) There have been no objections to the fee or expense request that cast doubt on the reasonableness of the request.

f) Lead Counsel are very experienced and skilled practitioners in the securities litigation field, and have considerable experience and capabilities as class action specialists. Their efforts in efficiently bringing the Action to a successful conclusion against the Defendants conferred a substantial benefit to the Class.

11.  To the extent other factors considered in *Gottlieb* and *Johnson* are not considered in this order, I find and conclude that those factors carry no significant weight in the analysis of the request for an award of attorney fees.

12. Lead Counsel's total lodestar is 2,182,958 dollars.  A twenty-eight percent (28%) fee represents a multiplier of 1.09.  This further supports the Court's finding that the fee request is fair, adequate, and reasonable. *See e.g., Rabin v. Concord Assets Group, Inc.*, No. 89-6130, 1991 U.S. Dist. LEXIS 18273, at *4 (S.D.N.Y. Dec. 19, 1991) (multiplier of 4.4); *Kurzweil v. Philip Morris Cos., Inc.*, No. 94-2373, 94-2546, 1999 U.S. Dist. LEXIS 18378, at *8 (S.D.N.Y. Nov. 24, 1999) (recognizing that multipliers of between 3 and 4.5 are common); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp.

294, 298 (N.D. Cal. 1995) ("Multipliers in the 3 - 4 range are common in lodestar awards for lengthy and complex class action litigation.").

13. Lead Counsel has requested also an award of reimbursement of expenses in the amount of 77,684.31 dollars, plus interest at the same rate as that earned by the gross Settlement Fund. Having reviewed the expense information submitted by Lead Counsel, the Court hereby approves the requested amount and awards expenses of 77,684.31 dollars plus interest at the same rate as that earned by the Settlement Fund.

14. The awarded attorney fees and expenses of Lead Counsel shall be paid immediately after the date this Order is entered subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

15. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Consolidated Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

16. Any appeal or any challenge affecting this Court's approval regarding any attorney fees and expense application shall in no way disturb or affect the finality of the Judgment.

17. In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

18. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated April 4, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge