**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-02048-REB-KLM
(Consolidated with Civil Action No. 08-cv-02055-CMA-CBS, 08-cv-02078-MSK-BNB, 08-cv-02267-MSK-CBS, 08-cv-02420-PAB, 08-cv-02603-MSK-BNB)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION
_____

**ORDER CONCERNING
DISTRIBUTION OF NET SETTLEMENT CONSIDERATION TO
AUTHORIZED CLAIMANTS AND RELATED MATTERS**
_____

**Blackburn, J.**

WHEREAS lead plaintiff the Spectranetics Investor Group, comprised of Genesee County Employees' Retirement System, the Wayne County Employees' Retirement System, and Peter J. Tortora ("Settling Class Action Plaintiff"), on behalf of the Settlement Class, has moved this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order authorizing, *inter alia*: (i) distribution of the Net Settlement Fund to Authorized Claimants according to the administrative determinations made by Rust concerning accepted and rejected claims; (ii) payment to Rust for the balance of its fees and expenses in connection with the services performed and to be performed in administering the Settlement and distributing the Net Settlement Consideration; (iii) destruction of paper copies of Proofs of Claim one (1) year after the initial distribution of the Net Settlement Consideration and electronic copies of claim records three (3) years after the final distribution of the Net Settlement Consideration; and (iv) for such other and further relief as may be just and proper, and good cause appearing therefor,

Upon due consideration of the application, the Court hereby orders as follows:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation of Settlement.

2. The motion is granted in its entirety and the Court approves the determinations of Rust Consulting, Inc. ("Rust"), the Claims Administrator, accepting claims, including the late but otherwise eligible Proofs of Claim, as set forth in the Affidavit of Daniel J. Polizzi Regarding (A) Processing of Claim Forms; and (B) Calculation of Authorized Claimants' Claims (Polizzi Aff.) in Exhibits H and I.

3. The Net Settlement Consideration established by the Settlement of this Class Action shall be distributed to Authorized Claimants according to the determinations of Rust and consistent with the Plan of Allocation previously approved by the Court on April 4, 2011.

4. Rejected or otherwise ineligible Proofs of Claim, as set forth in Exhibits F and G to the Polizzi Affidavit, are hereby rejected.

5. The Court bars the acceptance of claims received on or after September 26, 2011 and hereby releases and discharges all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Class Action from any and all claims arising out of such involvement.

6. Rust shall be paid the outstanding balance of its fees and expenses in connection with the services performed and to be performed

in administering the Settlement, as set forth in Exhibits J and K to the Polizzi Affidavit, from the Net Settlement Consideration in the total amount of $59,367.14.

7.     If cost-effective, not less than six (6) months after the initial distribution, a further distribution of the Net Settlement Consideration shall be conducted pursuant to which any remaining funds from undeliverable, un-cashed, or returned checks, after payment to any Authorized Claimants who validly contest their distribution amount and support the amount they request and payment of any unpaid taxes, costs or fees incurred or to be incurred in connection with administering the Net Settlement Consideration, shall be distributed to Authorized Claimants who cashed their initial distribution checks and who would receive at least $10.00 in such an additional distribution based on their claim, with additional redistributions thereafter in at least six-month intervals until Rust and Settling Class Action Plaintiff's Counsel determine that further redistribution is not cost-effective.  Any remainder that is not cost-effective to distribute shall be donated to a private, non-sectarian, not-for-profit organization with internal revenue code §501(c)(3) tax deduction status designated by Settling Class Action Plaintiff, after obtaining approval from the Court.

8.     One year after initial distribution of the Net Settlement Consideration, Rust may destroy any paper copies of the Proof of Claim forms and all related documentation, and three years after final distribution

of the Net Settlement Consideration, it may destroy electronic copies of the same.

IT IS SO ORDERED.

Dated July 13, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge